1  SPILLANE SHAEFFER
      ARONOFF BANDLOW LLP
2  Lincoln D. Bandlow (SBN 170449)
   1880 Century Park East, Suite 1004
3  Los Angeles, CA 90067-2627
   Telephone: (310) 229-9300
4  Fax: (310) 229-9380
   lbandlow@ssablaw.com
5
   Attorneys for Defendant
6  JOHN MCCAIN

7

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  JACKSON BROWNE., an individual        CASE # CV08-05334 RGK (Ex)

13                                        **DEFENDANTS' JOINT *EX
              Plaintiff,                  PARTE* APPLICATION TO
14                                        EXTEND TIME FOR ALL
         vs.                               DEFENDANTS TO RESPOND
15                                        TO COMPLAINT;
    JOHN MCCAIN, an individual; THE       MEMORANDUM OF
16  REPUBLICAN NATIONAL                    POINTS AND AUTHORITIES**
    COMMITTEE, a non-profit political
17  organization; THE OHIO REPUBLICAN     Hon. R. Gary Klausner
    PARTY, a non-profit political
18  organization,                         Date Filed: August 14, 2008

19            Defendants.

20

21

22

23

24

25

26

27

28

Dockets.Justia.com

Pursuant to Local Rules 7-19 and 8-3, Defendants John McCain ("McCain"), the Republican National Committee ("RNC") and the Ohio Republican Party ("ORP") (collectively "Defendants") hereby jointly apply *ex parte* for an order extending the date by which the Defendants must file a response to the Complaint until November 17, 2008.

In preparing this application, Defendants have reviewed the Court's Scheduling and Case Management Order regarding *ex parte* applications, the governing Local Rules, as well as *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), and respectfully submits that *ex parte* relief is warranted for the following reasons:

1.      The current deadline by which the Defendants must respond to the Complaint is October 27, 2008;

2.      This deadline is a result of the Stipulation to Extend Time to Respond to the Complaint filed on September 15, 2008 and the agreement by counsel for plaintiff Jackson Browne ("Browne") that Defendants deadline to respond would be October 27, 2008;

3.      *Ex parte* relief is necessary because if the Defendants are required to proceed with a regularly noticed motion to extend the time by which to respond to the complaint, the motion will not come up for hearing prior to the current deadline for responding to the Complaint; and;

4.      Given that the national, state and local elections will be held on November 4, 2008, the Defendants would all be severely prejudiced if they are required to deviate their focus from the elections to provide fact intensive declarations

1  necessary to comply with the current responsive pleading deadline of October 27,
2  2008.

3

4  Browne is represented by Lawrence Y. Iser and Jonathan P. Steinsapir, Kinsella
5  Weitzman Iser Kump & Aldisert LLP, 808 Wilshire Blvd., 3rd Floor, Santa Monica,
6  California 90401, (310) 566-9800, (310) 566-9850 (fax), liser@kwikalaw.com and
7  jsteinsapir@kwikalaw.com.  On October 6, 2008, counsel for the parties held a
8  telephonic conference during which they conducted their meet and confer pursuant to
9  the Local Rules on the motions Defendants intended to file in response to the
10  Complaint, including a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure
11  12(b)(6), an Anti-SLAPP Motion pursuant to California Code of Civil Procedure sec.
12  425.16 (by McCain, the ORP and the RNC) , and a Motion to Dismiss Pursuant to
13  Federal Rule of Civil Procedure 12(b)(2) & (3) for lack of personal jurisdiction and
14  improper venue or, in the alternative, to Transfer Venue pursuant to 28 U.S.C. §
15  1404(a) (by the ORP).  In addition to discussing these proposed motions, the parties'
16  counsel discussed the possibility of agreeing to a short stay of the case to allow the
17  parties to conduct an early mediation.  Counsel for Browne indicated that, by October
18  10, 2008, they would respond to Defendants' contentions regarding the proposed
19  motions and the proposal to stay the case to conduct an early mediation.

20

21  In the afternoon of October 10, 2008, Browne's counsel indicated in a letter sent
22  to Defendants' counsel that Browne declined the proposal to conduct an early
23  mediation and that the Defendants should proceed with their various motions.  On
24  October 13, 2008, counsel for McCain, on behalf of all Defendants, spoke to Browne's
25  counsel and requested that Browne agree to an extension of time for all Defendants to
26  respond to the Complaint until November 17, 2008, in light of the fact that the various
27  motions required extensive fact gathering and declarations by individuals who
28  currently have limited availability to assist in gathering this information and

1 | reviewing/signing declarations in light of the pending November 4, 2008 Presidential
2 | election. Browne's counsel contacted counsel for McCain later that day and informed
3 | him that Browne had declined to allow this requested extension of time to respond to
4 | the Complaint. In that same October 13, 2008 conversation, counsel for McCain
5 | informed counsel for Browne that Defendants would make an *ex parte* application to
6 | extend the time to respond to the Complaint. Counsel for Browne indicated that
7 | Browne would oppose the application.

DATED: October 14, 2008        Spillane Shaeffer Aronoff Bandlow LLP

By: _____
                                  Lincoln D. Bandlow

                               Attorneys for Defendant
                               JOHN MCCAIN

DATED: October 14, 2008        GRUNSKY, EBEY, FARRAR & HOWELL

By: _____
                                  Rebecca Connolly

                               Attorneys for Defendant
                               THE OHIO REPUBLICAN PARTY

DATED: October 14, 2008        KLEIN, O'NEILL & SINGH, LLP

By: _____
                                  Howard J. Klein

                               Attorneys for Defendant
                               THE REPUBLICAN NATIONAL
                               COMMITTEE

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants respectfully request that the Court grant a short extension of time to respond to the Complaint in this matter.  The reason for this request is simple: Defendants are in the last three weeks of hard-fought political campaign that will determine the identity of the next President of the United States, the members of the 111th United States Congress, and hundreds of state and local office-holders.  The relevant witnesses to this case are currently working almost around-the-clock to elect their preferred candidates.  Defendants merely ask that they be able to complete this (almost-completed) campaign before turning their attention to litigating this case.  As the alleged infringing acts ceased occurring more than two months ago, there is no urgency, and, if this Motion is granted, the litigation will proceed as any normal case would, in late November.

## II.    ARGUMENT

In this action, the plaintiff, singer Jackson Browne ("Browne"), alleges that the Ohio Republican Party ("ORP"), the Republican National Committee ("RNC") and Senator and Republican Presidential candidate John McCain ("McCain") created a political video (the "Video") in connection with an August 2008 campaign visit to Ohio that was being made by Democratic Presidential candidate Barack Obama ("Obama").  The Video refers to Obama and McCain's respective energy policies, and Obama is shown stating that significant energy savings can be attained by people simply keeping their automobile tires properly inflated.  During this Video and while referencing Obama's statement, less than thirty (30) seconds of the song *Running On Empty* (the "Song") is played in the background, with the obvious message being that, when it comes to having an energy policy, the Obama campaign is "running on empty."  The Video ran on the YouTube website for two or three days at most in August, has since been removed, and will not be run again.  (The Video was designed to comment on Obama's August campaign appearance in Ohio, and therefore the

1    Video is no longer topical.  Defendants have agreed to cease, and have ceased, all use

2    of the Video.  Indeed, Browne's counsel was informed of such on August 7, 2008.)

3        On August 14, 2008, Browne, the alleged copyright owner in the Song, filed this

4    action, asserting claims for Copyright Infringement, false endorsement under the

5    Lanham Act and violation of his California common law right of publicity.  Counsel

6    for the Defendants agreed to accept service of the Complaint around the end of

7    September and, through stipulation and agreement by counsel for Browne,

8    Defendants' initial date to respond to the Complaint was extended to October 27,

9    2008.

10       On October 6, 2008, counsel for the parties held a telephonic conference during

11    which they conducted their meet and confer pursuant to the Local Rules on the

12    motions Defendants intended to file in response to the Complaint.  In particular,

13    counsel for McCain and the RNC discussed their intention to file a motion to dismiss

14    the Lanham Act and Copyright Infringement claims pursuant to Federal Rule of Civil

15    Procedure 12(b)(6) and an anti-SLAPP motion to strike Browne's common law right

16    of publicity claim pursuant to California Code of Civil Procedure § 425.16.  While

17    counsel for the ORP contemplates joining in these substantive motions, counsel for the

18    ORP also discussed its intention to file a motion to dismiss pursuant to Federal Rule of

19    Civil Procedure 12(b)(2) & (3) for lack of personal jurisdiction and improper venue or,

20    in the alternative, to transfer venue to Ohio pursuant to 28 U.S.C. § 1404(a).  In

21    addition to discussing these proposed motions, the parties' counsel discussed the

22    possibility of agreeing to a short stay of the case to allow the parties to conduct an

23    early mediation in an effort to resolve the case before extensive time and expense is

24    invested in motion practice.  Counsel for Browne indicated that, by October 10, 2008,

25    he would respond to Defendants' contentions regarding the proposed motions and

26    Defendants' proposal to stay the case to conduct an early mediation.

27       In the afternoon of October 10, 2008, Browne's counsel indicated in a letter sent

28    to Defendants' counsel that Browne declined the proposal to conduct an early

mediation and that the Defendants should proceed with their various motions. On October 13, 2008, counsel for McCain, on behalf of all Defendants, spoke to Browne's counsel and requested that Browne agree to an extension of time for all Defendants to respond to the Complaint until November 17, 2008, in light of the fact that the various motions required extensive fact gathering and declarations by individuals who currently have restricted availability to assist in gathering this information and reviewing/signing declarations in light of the pending November 4, 2008 election. Browne's counsel contacted counsel for McCain later that day and informed him that Browne had declined to allow this requested extension of time to respond to the Complaint.

Defendants respectfully and jointly apply *ex parte* for an Order from the Court extending the deadline by which Defendants must respond to the Complaint until November 17, 2008. As the Court can well imagine, the various Defendants have been, and will continue to be, extensively involved in matters pertaining to the general election that will take place on November 4, 2008, including McCain's campaign for the President of the United States as well as many Congressional, state, and local campaigns. The intense campaign activity of the final three weeks of the campaign will substantially impair Defendants' ability to provide the necessary information and assistance to their respective counsel required for the various detailed and, particularly regarding the anti-SLAPP and jurisdictional motions, fact-intensive responsive pleadings and declarations. These motions require an extensive fact-gathering process, as well as declarations from the parties and others, all of whom are very involved in the political and communications aspects of the Presidential and other campaigns.

Given their extensive involvement and intensity of the demands of the campaign trail in the last few weeks before the election, the Defendants, representatives of the entity Defendants, and other witnesses necessary for the drafting and filing of these responsive pleadings, have extremely limited availability to provide consultation and assistance in gathering information and preparing declarations relevant to the motions

until after the general election on November 4, 2008.  Thus, Defendants would be prejudiced if they are not granted a short period of time after the election (when the relevant individuals can focus on gathering the necessary information) to prepare and file responsive pleadings.

In contrast to this prejudice to Defendants if an extension is not granted, no prejudice at all would be suffered by Browne by entering a brief three-week extension of time for Defendants to respond.  As noted above, the Video was removed from YouTube only two days after it was posted there, and Defendants have agreed to cease any further use or distribution of the Video (or of the Song). Thus, there is no potential for continuing harm, and the only issues remaining in the case are whether liability can be demonstrated and, if so, the extent of damages, if any.  There is no possibility of harm to Browne from postponing the first round of motions to resolve those issues for a mere three weeks.

When Browne's counsel informed Defendants that Browne had denied Defendants' request for an extension to respond in light of the pressing time constraints imposed by the pending election, and when Browne's counsel stated that Browne would oppose this *ex parte* application, the only reason stated for such a denial and opposition was that prior extensions had been granted.  Browne did not (and indeed cannot) dispute that the pending election was a significant impediment to Defendants' ability to obtain the information necessary to prepare the responsive pleadings, nor did Browne indicate (because, of course, he cannot) that he would suffer any prejudice from the short three week continuance.

///
///
///

## III. CONCLUSION

Of course, Defendants recognize the need to avoid significant delay of this matter and to begin working toward resolution as soon as is practicable for all parties. Accordingly, Defendants seek only a short, three (3) week delay in the deadline to respond to the Complaint in order to allow Defendants to properly prepare their respective responses.

Respectfully Submitted,

DATED:  October 14, 2008

Spillane Shaeffer Aronoff Bandlow LLP

By: _____
        Lincoln D. Bandlow

Attorneys for Defendant
JOHN MCCAIN

DATED:  October 14, 2008

GRUNSKY, EBEY, FARRAR & HOWELL

By: _____
        Rebecca Connolly

Attorneys for Defendant
THE OHIO REPUBLICAN PARTY

DATED:  October 14, 2008

KLEIN, O'NEILL & SINGH, LLP

By: _____
        Howard J. Klein

Attorneys for Defendant
THE REPUBLICAN NATIONAL
COMMITTEE