KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
 liser@kwikalaw.com
JONATHAN STEINSAPIR (SBN 226281)
 jsteinsapir@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
 ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Jackson Browne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BROWNE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MCCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY; a non-profit political organization<br><br>Defendants. | CASE NO. CV 08-05334 RGK (Ex)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT EX PARTE APPLICATION TO EXTEND TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT; DECLARATION OF LAWRENCE Y. ISER IN SUPPORT THEREOF**<br><br>Hon. R. Gary Klausner<br>Date Filed: August 14, 2008 |

11166./41242.1

OPPOSITION

## I. INTRODUCTION

Defendants the Ohio Republican Party ("ORP"), Republican National Committee ("RNC") and Senator John McCain (collectively "Defendants") misappropriated singer/songwriter Jackson Browne's ("Browne") most famous and recognizable song, *Running on Empty,* for use in a political advertisement promoting Senator McCain for President (the "Advertisement") without Browne's authorization or consent. On August 14, 2008, Browne filed a complaint asserting causes of action against Defendants for copyright infringement, creating a false endorsement in violation of the Lanham Act, and infringement of Browne's right of publicity (the "Complaint"). Defendants intend to challenge the Complaint on the grounds that that the First Amendment somehow protects their wholesale misappropriation of Browne's intellectual property, or alternatively that their unauthorized use constitutes a "fair use." The ORP also intends to challenge personal jurisdiction and venue. Browne has already twice extended the professional courtesy of allowing Defendants more time to respond to the Complaint, but declines to provide a third extension. Defendants contend that they need a third extension because they are so consumed with the upcoming Presidential election that they cannot engage in the fact gathering "necessary" to challenge the Complaint. However, given that the motions Defendants intend to file in response to the Complaint are based exclusively on legal arguments – with the narrow exception of the ORP's jurisdictional motion – Defendants' basis for contending that they need more time rings hollow. More than two months after the filing of the Complaint, it is time for this action to proceed and for Defendants to respond to the Complaint.

## II. ARGUMENT

Browne filed the Complaint on August 14, 2008 and served each of the Defendants at different times in early September 2008. Since then, Browne has extended every professional courtesy possible to Defendants. When Defendants

11166./41242.1

2
OPPOSITION

requested a 30 day extension to respond to the Complaint pursuant to Central District Local Rule 8-3, Browne agreed. Pursuant to stipulations, the RNC's response was to be filed by October 13, 2008, while Senator McCain's response was to be filed by October 24, 2008. Subsequently, during a conference call among all parties' attorneys, Browne extended Defendants a second professional courtesy by agreeing to permit all Defendants to coordinate their efforts and respond simultaneously on October 27, 2008. However, after more than two months, it is time for this action to proceed. Accordingly, Browne declined Defendants' third request for additional time to respond until November 17, 2008, because the request seeks to unreasonably delay this action.

Defendants' contention that Defendants need more time to respond to the Complaint because their involvement in the upcoming Presidential election precludes them from engaging in "extensive" fact and declaration gathering may be appealing on its face, but a *closer* look reveals that it is a red-herring. During a telephone call on October 6, 2008, Defendants' attorneys informed Browne's attorneys that Defendants intend to file various motions challenging the sufficiency of the allegations in the Complaint. Declaration of Lawrence Y. Iser ("Iser Decl."), ¶ 2. Defendants intend to file a motion based on Federal Rule of Civil Procedure 12(b)(6) challenging the Complaint on the grounds that it fails to state a claim. *Id*. Defendants also intend to challenge Browne's right of publicity claim on the grounds that it should be stricken pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure § 425.16. *Id*. Defendants' will apparently argue that the Advertisement was political speech and given the First Amendment protections associated with political speech, Browne will not be able to establish a reasonable probability of success on the merits of his claim in opposition to the Anti-SLAPP motion. Finally, the ORP intends to file a motion challenging personal jurisdiction and venue. *Id*.

Defendants' intended motions are based purely on legal arguments, with the

limited exception of the ORP's jurisdictional motion. None of these motions require "extensive fact gathering" or the submission of any evidence by way of declaration. Indeed, with respect to the Rule 12(b)(6) motion, the submission of supporting evidence is inappropriate. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 Fn. 5 (9th Cir. 2003) ("a court must generally refrain from considering extrinsic evidence in deciding a 12(b)(6) motion . . ."). Similarly, challenging Browne's right of publicity claim based on the extraordinary argument that the First Amendment allows Defendants to make unauthorized use of Browne's identity with impunity requires the submission of no evidence, simply legal argument. Additionally, the ORP suggested in its letter to Browne's attorneys that it has no contacts with California and that the Advertisement was directed solely to the State of Ohio and Ohio voters (despite the fact that the ORP placed the advertisement on YouTube.com, thereby intentionally exposing it to an international audience including California). Iser Decl., Ex. A. The ORP needs little more than a single declaration, which will likely be drafted by its lawyers, to support its argument. These are not fact-intensive summary judgment-type motions, as Defendants attempt to lead the Court to believe.

Finally, Defendants fail to submit any competent evidence to substantiate that they, and especially *their counsel*, are too consumed with the upcoming Presidential election to devote *any* attention to this lawsuit. Rather than offer even a single declaration, Defendants rely instead solely on the argument of their lawyers. Defendants to not even attempt to explain to the Court from whom they will need declarations or why, and only vaguely refer to the necessity of obtaining declarations from "representatives of Defendants" and "other witnesses." Based on the foregoing, Defendants' motion fails to establish good cause for what is a *third* extension, much less that they will suffer any prejudice by having to respond to the Complaint by October 27, 2008.

## III. CONCLUSION

Despite Defendants' arguments, the motions they intend to file do not require, and indeed some do not permit, extensive fact gathering or declaration testimony; these motions will be based almost exclusively on legal argument. As such, the upcoming Presidential election should have no effect on the ability of Defendants' attorneys to craft their legal argument. More than two months after the filing of the Complaint, it is time for this action to move forward and for Defendants to respond to the Complaint without further delay.

DATED: October 15, 2008

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____
Lawrence Y. Iser
Attorneys for Jackson Browne

# DECLARATION OF LAWRENCE Y. ISER

DECLARATION OF LAWRENCE Y. ISER

I, Lawrence Y. Iser, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Kinsella Weitzman Iser Kump & Aldisert LLP, attorneys of record for Plaintiff Jackson Browne ("Browne"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2. During a telephone call on October 6, 2008, attorneys for the Ohio Republican Party, the Republican National Committee and Senator John McCain ("Defendants") informed me that Defendants intend to file the following motions challenging Browne's Complaint: (1) a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim; and (2) an "Anti-SLAPP" motion pursuant to California Code of Civil Procedure § 425.16 challenging Browne's right of publicity claim. Additionally, the Ohio Republican Party informed me that it intends to file a motion challenging jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 15, 2008, at Santa Monica, California.

_____
Lawrence Y. Iser

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850