Rebecca Connolly, Esq. SBN 145482
GRUNSKY, EBEY, FARRAR & HOWELL
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076
Telephone (831)722-2444
Facsimile (831)722-6153

Attorneys for Defendant
 The Ohio Republican Party

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JACKSON BROWNE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN MCCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY; a non-profit political organization,<br><br>  Defendants. | No. CV08-5334 RGK (Ex)<br><br>**DEFENDANT OHIO REPUBLICAN PARTY'S NOTICE OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(2), (3) & (6); OR TRANSFER PURSUANT TO 28 U.S.C. §§ 1404(a) & 1406(a)**<br><br>Date:     December 8, 2008<br>Time:    9:00 am<br>Judge:   Hon. R. Gary Klausner<br>Place:    Courtroom 850 |

Jackson Browne v. John McCain   Doc. 23

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on December 8, 2008, at 9:00 a.m., or as soon thereafter as the matter can be heard by the above-entitled court, located at 255 East Temple Street, Los Angeles, California, defendant Ohio Republican Party ("ORP") will and hereby does move this Court to dismiss the Complaint filed by plaintiff Jackson Browne ("Browne") pursuant of Federal Rules of Civil Procedure, Rule 12(b)(2), (b)(3) and (b)(6), or in the alternative to transfer the action pursuant to 28 U.S.C. § 1404(a) or § 1406(a), and to strike the Fourth Cause of Action alleging state law claims under California Code of Civil Procedure § 425.16 (the "Statute").

- 1 -

This Motion follows the conference of counsel pursuant to Central District Local Rule 7-3, which took place on October 6, 2008 and is made on the following grounds:

1. The Complaint against the ORP is subject to dismissal under Rule 12(b)(2) on the grounds that this Court lacks personal jurisdiction over the ORP. The ORP does not have sufficient minimum contacts with the State of California to confer personal jurisdiction and the maintenance of the suit in California offends "traditional notions of fair play and substantial justice." *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945).

2. The Complaint against the ORP is subject to dismissal under Rule 12(b)(3) on the grounds that the Central District of California is the improper venue for this action. The ORP is an unincorporated non-profit entity with its principal place of business in Columbus, Ohio. Civil actions arising under federal copyright laws may be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Proper venue for trademark infringement actions lies in the district where a substantial part of the events constituting infringement occurred. *See* 28 U.S.C. § 1391(b)(2). The ORP does not have sufficient minimum contacts with California or the Central District of California to establish personal jurisdiction. Further, the acts constituting the alleged infringement substantially occurred in Ohio. Thus, venue is improper in the Central District. If the Court is not inclined to dismiss the ORP, the ORP request that the Court transfer this action to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1406(a).

3. In the alternative, the ORP request that the Court transfer this entire action to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1404(a) based upon the convenience of the parties, witnesses, and in the interest of justice.

4. Browne's First Cause of Action for Copyright Infringement fails to state a claim upon which relief can be granted under Rule 12(b)(6) because it is barred, as a matter of law, by the fair use doctrine.

5. Browne's Third Cause of Action for violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a), fails to state a claim upon which relief can be granted under Rule 12(b)(6) for the following reasons: (a) the Lanham Act does not apply to political speech; (b) the claim is barred by the First Amendment "artistic relevance" test.

6. Browne's Fourth Cause of Action alleging a common law right of publicity claim under California law fails to state a claim under Rule 12(b)(6) and should be stricken under the Statute. The Political Video constitutes political speech in connection with a public issue, the 2008 presidential elections. Because the Fourth Cause of Action falls within the Statute's scope, the plaintiff bears the burden of establishing through competent and admissible evidence a probability of prevailing on the merits of this claim. C.C.P. § 425.16(b)(1). Browne cannot satisfy his burden for the following reasons: (a) the Political Video is not commercial speech and is within a work that contains matters of "public interest; and, (b) the use of Browne's voice is transformative.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Jason Mauk and John McClelland, the Request for Judicial Notice together with all papers, records and documents on file herein, and on such other evidence as may be presented to the Court on the hearing on this Motion. The ORP respectfully requests that the Court dismiss the ORP based upon the absence of personal jurisdiction and improper venue, dismiss Browne's Complaint with prejudice, or transfer this action to the Southern District of Ohio, Eastern Division.

DATED: November 17, 2008

GRUNSKY, EBEY, FARRAR & HOWELL

By /s/ Rebecca Connolly
Rebecca Connolly, Attorneys for Defendant
The Ohio Republican Party

- 3 -