KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikalaw.com
PATRICIA A. MILLETT (SBN 150756)
  pmillett@kwikalaw.com
JONATHAN STEINSAPIR (SBN 226281)
  jsteinsapir@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff Jackson Browne

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACKSON BROWNE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MCCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY; a non-profit political organization<br><br>Defendants. | CASE NO. CV08-5334 RGK(Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT OHIO REPUBLICAN PARTY'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(2), (3) AND (6); OR TRANSFER PURSUANT TO 28 U.S.C. §§ 1404(a) AND 1406(a)**<br><br>**[Supporting Declarations of Donald Miller and Jonathan Noyes filed concurrently herewith]**<br><br>Date:      February 2, 2009<br>Time:     9:00 a.m.<br>Judge:    Hon. R. Gary Klausner<br>Place:    Courtroom 850 |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

11166.00015/42597.2

# **TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ................................................................ 1

II.  INTRODUCTION ........................................................................... 1

III.  STATEMENT OF FACTS ................................................................. 2

    A.  Plaintiff Jackson Browne ........................................................... 2

    B.  The Infringing Commercial .......................................................... 3

    C.  YouTube's Terms Of Use ............................................................ 4

    D.  Plaintiff's Complaint ............................................................... 5

IV.  ARGUMENT ................................................................................ 6

    A.  The ORP Is Subject To Limited Personal Jurisdiction In California ................................................................................ 6

    1.  ORP Engaged In Purposeful Availment ...................................... 7

        (a)  ORP's Use Of California-Based YouTube As Its Broadcast Network Constitutes Purposeful Availment ................................ 7

        (b)  ORP Purposefully Directed The Commercial To California .......... 8

    2.  ORP Should Reasonably Have Expected To Be Haled Into A California Court ...................................................................... 10

    3.  Plaintiff's Claims Arise Out Of ORP's California Conduct ................ 11

    4.  Jurisdiction Is Reasonable ..................................................... 12

        (a)  Extent of Purposeful Interjection ..................................... 13

        (b)  The Burden Of ORP Litigating In California Is No Greater Than The Burden Of Plaintiff Litigating In Ohio .......................... 13

        (c)  Sovereignty Concerns/Forum State's Interest .......................... 15

        (d)  California Is The Most Efficient Forum ................................ 16

        (e)  Importance Of The Forum/Existence Of An Alternative Forum ... 16

    B.  Venue Is Proper In This District ................................................... 17

    C.  Plaintiff's Choice Of Forum Should Not Be Disturbed ......................... 18

V.  CONCLUSION ............................................................................. 20

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Advideo v. Kimel Broadcast Group*
727 F.Supp. 1337 (N.D. Cal. 1989) ..............................................17

*Ballard v. Savage*
65 F.3d 1495 (9th Cir. 1995)..........................................................12

*Bowen v. YouTube*
2008 WL 1757578 (W.D. Wash.) ...................................................16

*Brand v. Menlove Dodge*
796 F.2d 1070 (9th Cir. 1986) ..........................................................6

*Bryant v. Mattel, Inc.*
573 F.Supp.2d 1254, 1270 (2007)..........................................6, 11, 12

*Calder v. Jones*
465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) .............8, 12

*CoreVent Corp. v. Nobel Industries*
11 F.3d 1482 (9th Cir. 1994) ..........................................................13

*Corporate Investment Business Brokers v. Melcher*
824 F.2d 786 (1987) .......................................................................13

*Doe v. Geller*
533 F.Supp.2d 996 (2008)........................................................12, 14

*Doe v. Unocal*
248 F.3d 915 (9th Cir. 2001) ..........................................................11

*Dole Food Co. v. Watts*
303 F.3d 1104 (9th Cir. 2002)..........................................................8

*Florens Container v. Chao Yang Shipping*
245 F.Supp.2d 1086 (N.D. Cal. 2002) ...........................................18

*Gordy v. Daily News, L.P.*
95 F.3d 829 (9th Cir. 1996)............................................................12

*Haisten v. Grass Valley Medical Reimbursement Fund*
784 F.2d 1392 (9th Cir. 1986) ..........................................................7

*Keeton v. Hustler Magazine, Inc.*
465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ...................7

*Mattel, Inc. v. MCA Records, Inc.*
296 F.3d 894 (9th Cir. 2002)............................................................7

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# TABLE OF AUTHORITIES

**Page**

## CASES

*Menken v. Emm*
  503 F.3d 1050 (9th Cir. 2007).................................................................. 12, 17

*Ochoa v. J.B. Martin and Sons Farms, Inc.*
  287 F.3d 1182 (9th Cir. 2002).................................................................. 6

*Panavision v. Toeppen*
  141 F.3d 1316 (9th Cir. 1998).................................................................. 12, 14, 15

*Schwarzenegger v. Fred Martin Motor Company*
  374 F.3d 797 (9th Cir. 2004).................................................................. 7, 8, 9

*Sher v. Johnson*
  911 F.2d 1357 (9th Cir. 1990).................................................................. 13

*Sinatra v. National Enquirer*
  854 F.2d 1191 (9th Cir. 1998).................................................................. 10, 13, 15

*Stomp v. Neat*
  61 F.Supp.2d 1074 (1999).................................................................. 9

*World-Wide Volkswagen v. Woodson*
  444 U.S. 286, 100 S.Ct. 559 (1980).................................................................. 10

*Yahoo! Inc. v. La Ligue Contre Le Racisme*
  433 F.3d 1199 (2006).................................................................. 12

## STATUTES

28 U.S.C.
  § 1391(b).................................................................. 17
  § 1404(a).................................................................. 1

Federal Rules of Civil Procedure
  12(b).................................................................. 1, 5
  12(h).................................................................. 5
  45.................................................................. 19

## TREATISES

Schwarzer, Tashima and Wagstaffe
  *Federal Civil Procedure Before Trial* (The Rutter Group, Rev. #1
  2008) §3:143 at p. 3-58 .................................................................. 13

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# I.   **PRELIMINARY STATEMENT**

Plaintiff Jackson Browne hereby submits the following opposition to Defendant Ohio Republican Party's ("ORP") motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3), or alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a) (the "Jurisdictional Challenge"). Plaintiff's opposition to ORP's motion to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(6), which was filed in a single document with the Jurisdictional Challenge, is set forth in Plaintiff's separately filed Consolidated Oppositions to Defendants' Special Motions To Strike and to Dismiss.[1]

# II.   **INTRODUCTION**

Defendant ORP purposefully availed itself of the privilege of conducting activities in California by using YouTube -- which <u>ORP expressly agreed was deemed to be "solely based in California"</u> -- as a free broadcast network to distribute more than 130 videos, the majority of which related to Senator McCain's presidential campaign. ORP further engaged in purposeful availment by posting a commercial that infringed the intellectual property and publicity rights of Plaintiff, a California resident, on YouTube and thereafter sending an e-mail to at least 25 national media outlets directing them to the California website and infringing commercial.

As a result of this conduct, ORP reasonably could have expected to be hailed into this California court for claims arising out of its many YouTube postings. In fact, ORP agreed and acknowledged that it was subject to suit in California and that California law controlled disputes relating to its YouTube postings when it posted

---

[1]   The arguments made by ORP in support of its 12(b)(6) motion are substantively identical to the arguments made by Defendants John McCain and the Republican National Committee in their separately filed special motions to strike and to dismiss pursuant to FRCP 12(b)(6). Consequently, Plaintiff is filing single consolidated oppositions to the motions to strike and to dismiss.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  content on the site, and thereby accepted YouTube's standard "Terms of Use."  In

2  these circumstances, as explained more fully below, the assertion of personal

3  jurisdiction over ORP and venue in this California Court are proper, and comport

4  with fair play and substantial justice.  This Court is also the most efficient place for

5  Plaintiff's claims to be tried.  As explained below, Plaintiff has sued three

6  defendants, but only one, ORP, has challenged jurisdiction and venue.  Thus,

7  Plaintiff's claims against the other Defendants (who waived any objections to

8  jurisdiction and venue by failing to challenge it) will be tried in this Court.  It simply

9  makes no sense to require Plaintiff's claims against ORP to proceed in a separate

10 action in Ohio.  ORP's motion should be denied.

## III.  <u>STATEMENT OF FACTS</u>[2]

### A.  <u>Plaintiff Jackson Browne</u>

Plaintiff Jackson Browne ("Plaintiff") is a world-famous singer who moved to Los Angeles when he was three years old.  Except for a brief period in the late 1960's when he lived in New York, Plaintiff has always lived in Southern California.  Plaintiff has never resided in Ohio.

In 1977, Plaintiff released his most commercially successful album entitled *Running On Empty*, which included a song sharing the same name.  Plaintiff periodically licensed the song *Running On Empty* for use in motion pictures such as *Forrest Gump.*  Plaintiff, however, has never licensed *Running On Empty* for use in a commercial or advertising.  On those occasions when Plaintiff agreed to license *Running On Empty* for use in motion pictures, the agreements were handled by Plaintiff's California-based music publishing administrator.  All of Plaintiff's business representatives are located in the Central District of California.

---

[2]  The facts set forth herein are those which have the most direct relevance to ORP's jurisdictional challenge.  More complete statements of the relevant facts are contained in Plaintiff's concurrently-filed consolidated oppositions to Defendants' motions to strike and to dismiss.

Specifically, Plaintiff's personal managers Donald Miller and Cree Clover Miller are based in Studio City, Plaintiff's booking agent Carole Kinzel of Creative Artists Agency is based in Century City, Plaintiff's business manager Tina Fasbender is based in Santa Monica and his transactional attorney Gary Gilbert is based in West Los Angeles. The administration of Plaintiff's music publishing is handled by Calabasas based Wixen Music Publishing and his record company is Inside Recordings, based in Studio City. Declaration of Donald Miller ("Miller Decl."), ¶¶ 1-7.

### B. The Infringing Commercial

ORP is a political organization which supported Senator John McCain in the recent presidential election. As part of its efforts to promote Senator McCain's candidacy, ORP created a commercial (the "Commercial") featuring Plaintiff's performance of his hit song *Running On Empty*. During the Commercial, Plaintiff's distinctive and well-known voice can be heard singing the song's familiar chorus, which includes the phrase "running on empty." Neither ORP nor any of the other Defendants sought or obtained Plaintiff's permission to use *Running On Empty* or Plaintiff's voice in the Commercial.

ORP posted the Commercial on YouTube.com, where it could be viewed by an international audience, including California residents. To ensure that the Commercial reached as many viewers as possible, ORP sent a press release (the "Press Release") containing a link to the Commercial to 1448 recipients, including 25 national media outlets. *See* the Declaration of John McClelland submitted by ORP ("McClelland Decl."), ¶ 14. Critically, ORP has not identified the 25 national media outlets, or any of the other recipients of the Press Release by name. The Court should presume from this glaring omission that at least some (if not many) of the national media and other recipients are found in California. In fact, the Commercial was picked up by *The Huffington Post* and posted on its California based website. Declaration of Jonathan Noyes ("Noyes Decl."), ¶ 2. ORP's posting

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  of the Commercial on YouTube was but one of many instances where ORP used the

2  service to distribute commercials promoting McCain's candidacy and/or its other

3  activities.  Currently (as of January 6, 2009), ORP has 138 postings on YouTube.

4  Noyes Decl., ¶6.  These numerous postings make clear that ORP is using YouTube

5  as a free broadcast network to distribute its commercials and other videos.  ORP's

6  repeated use of YouTube as its broadcast network is also evidenced by the link

7  described on ORP's website as "Ohio GOP tv," which is in fact a link to ORP's

8  YouTube postings.  McClelland Decl., ¶ 7; Noyes Decl., ¶6-7.

9  **C.    YouTube's Terms Of Use**

10       The YouTube website where ORP posted the Commercial (and more than 100

11  other videos) is expressly subject to certain written Terms of Use which apply to all

12  persons who view or post content on the site.  YouTube's Terms of Use are divided

13  into fourteen separate sections and include the following provisions relevant to this

14  motion:

15  **1.    Your Acceptance**

16  A.    By using and/or visiting this website (collectively, including all
content and functionality available through the YouTube.com domain

17  name, the "YouTube Website," or "Website"), you signify your
agreement to (1) these terms and conditions (the "Terms of Service"),

18  (2) YouTube's privacy notice . . . and (3) YouTube's Community
Guidelines . . . If you do not agree to any of these terms . . . please do

19  not use the YouTube Website. . . .

20  **2.    YouTube Website**

21  A.    These Terms of Service apply to all users of the YouTube
Website, including users who are also contributors of video content,

22  information, and other materials or services on the website. . . .

23  **4.    General Use of the Website – Permissions and Restrictions**

24  YouTube hereby grants you permission to access and use the Website
as set forth in these Terms of Service . . .

25  **6.    Your User Submissions and Conduct**

26  A.    As a YouTube account holder you may submit video content . . .

27  D.    In connection with User Submissions, you further agree that you

28  will not submit material that is copyrighted, protected by trade secret or

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

> <u>otherwise subject to third party proprietary rights, including privacy and publicity rights, unless you are the owner of such rights or have permission from their rightful owner to post the material and to grant YouTube all of the license rights granted herein.</u> . . .
>
> **14.    Genera**l
>
> You agree that:  (1) the YouTube Website **shall be deemed solely based in California**; and (ii) the YouTube Website shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California.  These Terms of Service shall be governed by the internal substantive laws of the State of California, without respect to its conflict of laws principles.  Any claim or dispute between you and YouTube that arises in whole or in part from the YouTube website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County, California. . . . These Terms of Service, together with the Privacy Notice . . . shall constitute the entire agreement between you and YouTube concerning the YouTube website. . . .

Ex. A to the Noyes Decl. (Emphasis added)

A party wishing post material on YouTube must first create a user account, and in doing so must  "click" a boxaffirming that the user has read and agrees to each of YouTube's Terms of Use.  Noyes Decl., ¶ 3.  Although Plaintiff has not yet obtained discovery on this issue, ORP undoubtedly indicated its assent to all of YouTube's Terms of Use; otherwise, ORP would not have been able to post its voluminous content on YouTube.

**D.    <u>Plaintiff's Complaint</u>**

Plaintiff filed his complaint in this action on August 14, 2008.  Plaintiff's complaint alleges causes of action for copyright infringement, vicarious copyright infringement, violation of the Lanham Act and violation of Plaintiff's California common law right of publicity against John McCain, the Republican National Committee ("RNC") and the Ohio Republican Party.  All of the Defendants were timely served and have responded to the complaint.  Only ORP has challenged jurisdiction and venue in this case.  McCain and the RNC filed motions to dismiss the complaint pursuant to FRCP 12(b)(6) and to strike it pursuant to California's "anti-SLAPP" statute.  Neither McCain nor the RNC challenged jurisdiction or

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   venue in this District, and thus waived any objections thereto.  FRCP 12(h).

2   **IV.    ARGUMENT**

3       **A.    The ORP Is Subject To Limited Personal Jurisdiction In California**

4           The Ninth Circuit has established a three factor test for determining when a

5   state may constitutionally exercise specific jurisdiction over a defendant:  (1) the

6   non-resident defendant must do some act or consummate some transaction with the

7   forum state or perform some act by which it purposefully avails itself of the

8   privilege of conducting activities in the forum state; (2) the claim must arise out of

9   or result from the defendant's forum related activity; and (3) the exercise of

10  jurisdiction must be reasonable.  *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287

11  F.3d 1182, 1188-89 (9th Cir. 2002).

12          In applying this test, the Ninth Circuit uses a "flexible approach" such that

13  "[j]urisdiction may be established with a lesser showing of minimum contacts 'if

14  conditions of reasonableness dictate."  *Id.* at 1188, fn.2.  Under this analysis, "there

15  will be cases in which the defendant has not purposefully directed its activities at the

16  forum state, but has created sufficient contacts to allow the state to exercise personal

17  jurisdiction if such exercise is sufficiently reasonable."  *Brand v. Menlove Dodge*,

18  796 F.2d 1070, 1074 (9th Cir. 1986).

19          The party asserting the claim bears the burden of establishing the first two

20  prongs of the jurisdictional test.  *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1270

21  (2007)[3] .  Once the plaintiff does so, the burden shifts to the party resisting

22  jurisdiction to present <u>a compelling case</u> that the exercise of jurisdiction would not

23  be reasonable.  *Id.* As explained below, the first two prongs of the jurisdictional test

24  are easily satisfied in this case and there is no compelling reason which makes the

25  _____

26  [3]     To meet its burden, the plaintiff need only make a prima facie showing of
    jurisdictional facts.  Disputed facts are resolved in favor of the exercise of
27  jurisdiction.  *Bryant v. Mattel,* 573 F.Supp.2d at 1270.

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  exercise of jurisdiction of unreasonable.

2         **1.**    **ORP Engaged In Purposeful Availment**

3       The first prong of the jurisdictional test is satisfied by showing that the

4  defendant "either purposefully availed itself of the privilege of conducting activities

5  in California, or purposefully directed its activities toward California."

6  *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir. 2004).

7  Indeed, when a defendant has taken deliberate action toward a forum state,

8  jurisdiction may be found even if the defendant lacks physical contacts with the

9  forum state. *Schwarzenegger v Fred Martin*, 374 F.3d at 803. *See also Haisten v.*

10  *Grass Valley Medical Reimbursement Fund*, 784 F.2d 1392, 1398 (9th Cir. 1986).

11       A showing of "purposeful availment" typically consists of evidence of the

12  defendant's actions in the forum, such as executing or performing a contract there,

13  whereas a showing of "purposeful direction" usually consists of evidence of the

14  defendant's actions outside the forum state that are directed to the forum, such as the

15  distribution in the forum state of goods originating elsewhere. *Id.* *See also Keeton*

16  *v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-775, 104 S.Ct. 1473, 79 L.Ed.2d 790

17  (1984) (finding purposeful direction where the defendant published magazines in

18  Ohio and circulated them in the forum state) and *Mattel, Inc. v. MCA Records, Inc.*,

19  296 F.3d 894, 899 (9th Cir. 2002), cert. denied 537 U.S. 1171. (finding purposeful

20  direction where the defendant distributed European music albums in the forum

21  state). In this case, both purposeful availment and purposeful direction exist.[4]

22         **(a)**    **ORP's Use Of California-Based YouTube As Its**

23               **Broadcast Network Constitutes Purposeful Availment**

24  _____

25  [4]   Plaintiff acknowledges that a "purposeful availment" analysis is most often used in contract cases and that "purposeful direction" typically applies to tort causes of

26  action. There is, however, no hard and fast rule prohibiting the Court from finding jurisdiction based on purposeful availment in tort cases. Thus, for example, in

27  *Schwarzenegger*, the Ninth Circuit considered both purposeful availment and purposeful direction in rendering its decision. 374 F.3d. at 803.

28

As discussed above, ORP entered into an agreement with California-based YouTube which expressly provides that the service is deemed to be based solely in California. Thereafter, ORP used California-based YouTube as its free broadcast network to distribute the Commercial and at least 130 other videos on what ORP dubbed "OhioGOPtv."[5] ORP's conduct in entering into a contract with YouTube and thereafter using the benefits of YouTube's service to broadcast its commmcercials constitutes purposeful availment under Ninth Circuit law. *Schwarzenegger v Fred Martin*, 374 F.3d at 802.[6] *See also Haisten v. Grass Valley*, 784 F.2d at 1398 ("A defendant who enters into an obligation which she knows will have effect in the forum purposefully avails herself of the privilege of acting in the forum state.")

### (b) ORP Purposefully Directed The Commercial To California

The Ninth Circuit evaluates "purposeful direction" under the three part "effects" test set forth in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). The *Calder* "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that defendant knew or should have known was likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

In this case, ORP unquestionably committed an intentional act aimed expressly at California when it used Plaintiff's famous song and voice in the Commercial and posted it on California-based YouTube. *E.g., Schwarzenegger v.*

---

[5] The videos posted by ORP on YouTube include one entitled "Los Angeles Video Blog." The commentary related to this posting states "The Ohio GOP Video Blog goes on the road to California for the Republican and Democratic presidential primary debates." *See* Exs. C and D to the Noyes Decl.

[6] To be clear, Plaintiff does not contend that the forum selection clause in ORP's agreement with YouTube is binding in this case. Rather, Plaintiff contends that ORP's agreement with YouTube demonstrates that ORP purposefully availed itself of the privilege of acting in California and that it should have reasonably expected to be hailed into this California court.

1 *Fred Martin Motors,* 374 F.3d 797, 806 (9th Cir. 2004) (finding that the defendant

2 committed an intentional act when it placed an ad in an Ohio newspaper).

3     ORP's agreement that YouTube is deemed to be based solely in California

4 distinguishes this case from the facts of *Schwarzenegger* and, consequently, requires

5 a different result than that reached in *Schwarzenegger.* In *Schwarzenegger,* the

6 offending ad was distributed only in Ohio via an Ohio newspaper. Here, by

7 contrast, the Commercial was distributed only via California-based YouTube and

8 was readily available for viewing in California.

9     The fact that the Commercial was allegedly "targeted at Ohio voters" as ORP

10 claims does not negate the fact that the Commercial was intentionally distributed in

11 California through a California-based medium. In any event, ORP's claim is

12 dubious at best as the presidential election was a matter of national significance and

13 ORP admittedly sent its press release containing the YouTube link to 225

14 representatives of the "National Media," thereby indicating an intent to reach

15 beyond Ohio's borders. McClelland Decl., ¶ 14. Even apart from its national press

16 release, ORP undoubtedly knew (or at a minimum should have expected) that

17 postings on YouTube reach viewers well beyond the Ohio borders, including

18 California. *E.g., Stomp v. Neato,* 61 F.Supp.2d 1074, 1079 at fn. 9 (C.D. Cal. 1999)

19 (noting that "an entity which engages in electronic commerce over the Internet must

20 expect their activities to reach a large number of California residents.")

21     Express aiming should also be found because of the nature of Plaintiff's

22 wrongful conduct, and the situs of its effect. This is not a case where Defendants

23 are charged with untargeted negligence that merely happened to cause harm in

24 California. This is a situation where Defendants deliberately took Plaintiff's famous

25 song and voice and incorporated it into the Commercial without permission.

26     Although ORP claims that its officers (specifically Mauk and McClelland)

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

were "not familiar" with Plaintiff's music prior to receiving a letter from Plaintiff's counsel, and thus did not know that Plaintiff was a California resident,[7] this claim simply cannot be believed. Indeed, McClelland admits in paragraph 9 of his declaration that *Running On Empty* "seemed to be a perfect fit" at the time he was creating the Commercial. Manifestly, McClelland could not have thought this if he had never heard of the song.

Moreover, Plaintiff is well-known to be a Southern California resident. For example, Internet source Wikipedia describes Plaintiff as being "prominent in the Southern California confessional singer-songwriter movement of the 1960s and early 1970s" and as having "settled in California." *See* Ex. B to the Noyes Declaration. Thus, if McClelland merely stumbled upon Plaintiff's song via an Internet search (as he seems to suggest) he would have also undoubtedly stumbled upon information revealing Plaintiff's status as a California resident.

Regardless of ORP's claimed ignorance regarding Plaintiff's residency, there can be no doubt that its conduct caused harm in California. As the Ninth Circuit expressly held in *Sinatra v. National Enquirer*, 854 F.2d 1191, the use of a famous California resident's name without compensation "produces a situs of the injury in California." 854 F.2d at 1191.

## 2. ORP Should Reasonably Have Expected To Be Haled Into A California Court

The "purposeful availment" requirement is intended to ensure that non-resident defendants are aware that they are subject to suit in the forum state. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559 (1980). Being haled into court in California can come as no surprise to ORP because it expressly agreed, by using YouTube as its broadcast network and accepting the Terms of Use,

---

[7] *See* Mauk Decl., ¶ 27 and McClelland Decl., ¶ 10.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

that (1) YouTube was "deemed solely based in California," (2) the use of the website is "governed by the internal substantive laws of the State of California and (3) that any disputes with YouTube arising "in whole or in part from the YouTube website" would be decided exclusively in a California court. Given this agreement, ORP, at a minimum, should have expected that it could be called into a California court to answer for claims arising out of its many YouTube postings.

### 3. Plaintiff's Claims Arise Out Of ORP's California Conduct

In determining whether the plaintiff's claims arise out of or relate to the forum-related activities, the Court employs a "but for" standard, *i.e.*, the Court considers whether Plaintiff's claims would have arisen but for the defendant's forum related conduct. *Doe v. Unocal*, 248 F.3d 915, 924 (9th Cir. 2001). *See also Bryant v. Mattel*, 573 F.Supp.3d at 1272. This test is easily met in this case. Indeed, it is obvious that Plaintiff's claims would not have arisen but for Defendants' conduct in posting the Commercial on California-based YouTube because that is the only place they distributed it. Declaration of John McClelland, ¶ 12.[8] Manifestly, if ORP had not distributed the Commercial, Plaintiff would not have been damaged by the unlawful appropriation and use of his famous song and identity.

The fact that the Commercial may have been created in Ohio as ORP claims does not negate the fact that ORP's posting of the Commercial on a California website is a "but for" cause of Plaintiff's claims. The creation of the Commercial is not the sole cause of Plaintiff's harm, but is simply an additional "but for" factor which gave rise to Plaintiff's claims.

ORP's motion acknowledges that the "but for" test applies, but then misleadingly suggests that the Court must apply some "proportionality requirement" to the second prong of the jurisdictional test. *See* Motion at p. 8:3-9. The cases

---

[8]   According to McClelland, he posted the Ad on YouTube and then e-mailed a press release containing a link to the YouTube posting.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  cited by ORP for this proposition, however, do not support it.  Rather, the citations

2  in ORP's brief discuss general jurisdictional requirements, not the "but for" test.

3  *E.g., Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205-1210

4  (2006).[9]  Ninth Circuit cases which specifically discuss the but for test – *Bryant v.*

5  *Mattel* and *Doe v. Unocal* -- contain no proportionality requirement.  *See also*

6  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) and *Panavision v. Toeppen*,

7  141 F.3d 1316, 1322 (9th Cir. 1998).  ORP's argument should therefore be rejected.

8  ### 4.  Jurisdiction Is Reasonable

9  As discussed above, the burden is on ORP to present a <u>compelling</u> case that

10  the exercise of jurisdiction would be unreasonable.  *Menken v. Emm*, 503 F.3d 1050

11  (9th Cir. 2007).  In other words, ORP must show that the exercise of jurisdiction

12  would not comport with fair play and substantial justice. *Doe v. Geller*, 533

13  F.Supp.2d 996, 1006 (2008).  ORP must also "show that any asserted unfairness

14  could not be alleviated by less restrictive means such as conflict of law rules or an

15  accommodating venue transfer." *Id.*

16  Under applicable law, jurisdiction is reasonable if, under the totality of the

17  circumstances, the defendant could reasonably anticipate being called upon to

18  present a defense in a distant forum. *Id.*  Thus, local jurisdiction is presumably <u>not</u>

19  unreasonable when a non-resident intentionally causes injuries within the forum

20  state. *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482 (1984); *Gordy v. Daily*

21  *News, L.P.*, 95 F.3d 829, 834 (9th Cir. 1996).

22  The Ninth Circuit weighs seven factors in evaluating the reasonableness of

23  jurisdiction in a particular case:  (1) the extent of the defendant's purposeful

24  injection, (2) the burden on defendant in defending in the forum, (3) the extent of

25  _____

26  [9]   Significantly, the *Yahoo!* court expressly noted that the first prong of the
jurisdictional test (not the second) was the determinative factor in its decision. *Id.* at
27  1206 ("The first prong is determinative in this case.  We have sometimes referred to
it, in shorthand fashion, as the 'purposeful availment' prong.")

28

the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *CoreVent Corp. v. Nobel Industries*, 11 F.3d 1482, 1486-87 (9th Cir. 1994). No one factor is dispositive. Rather, the court must balance all seven factors. *Id.* Thus, mere inconvenience is not enough:

> Litigation locally must be so gravely difficult that it puts the defendant to a severe disadvantage in comparison to his or her opponent. Requiring the non-resident to defend locally is not constitutionally unreasonable "in this era of fax machines and discount air travel."

Schwarzer, Tashima and Wagstaffe, *Federal Civil Procedure Before Trial* (The Rutter Group, Rev. #1 2008) §3:143 at p. 3-58, citing *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Analysis of the relevant factors demonstrates that this is not a case where a compelling showing of unreasonableness can be made.

### (a)   Extent of Purposeful Interjection

The factor of purposeful interjection is analogous to the purposeful direction analysis discussed above. Consequently, "Ninth Circuit cases give the 'purposeful interjectment' factor no weight once it is shown that the defendant purposefully directed its activities to the forum state." *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1998), quoting *Corporate Investment Business Brokers v. Melcher,* 824 F.2d 786 (1987). Thus, the first factor should be given no weight based on Plaintiff's showing of purposeful availment discussed above.

### (b)   The Burden Of ORP Litigating In California Is No Greater Than The Burden Of Plaintiff Litigating In Ohio

The second factor (the burden on defendant) likewise cannot tip the scale of reasonableness in ORP's favor because it would be at least as much of a burden for Plaintiff, who resides in California, to litigate in Ohio as for ORP to litigate in

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

California.  Moreover, ORP has failed to meet its burden to establish that the inconvenience of litigating in California is so great as to constitute a deprivation of due process.  *Panavision v. Toeppen*, 141 F.3d at 1323.  In fact, ORP's motion cites no evidence whatsoever with respect to the second factor.  Rather, ORP merely asserts without explanation that "[t]he vast majority of witnesses and documentary evidence concerning the creation of the Political Video are all in Ohio."  Motion at p. 10:3-5.  ORP's bald statement, which does not even identify the witnesses or documents by name, does not prove anything, much less establish great inconvenience.  "And in any event, the convenience of witnesses is 'no longer weighed heavily given the modern advances in communication and transportation.'" *Doe v. Geller*, 533 F.Supp.2d 996, 1010 (2008).

To Plaintiff's knowledge, there is no real dispute regarding the contents of the Commercial or the fact that its creators did not seek or obtain a license to use Plaintiff's famous song or voice.  Accordingly, it is unclear whether the circumstances under which the Commercial was created will be significant to the ultimate disposition of this case.  It is clear, however, that Plaintiff's damages will be a significant issue at trial.  The relevant evidence/witnesses on this issue, including Plaintiff and all of his professional representatives are located in the Central District of California, not Ohio.  Miller Decl., ¶ 7.  The entertainment industry, from which relevant information and experts regarding the value of Plaintiff's famous song and publicity rights will undoubtedly be drawn, is also based in California.  For these reasons, the second factor favors Plaintiff, not ORP.[10]

---

[10]  While it is true that Plaintiff's career requires him to travel from time to time, the evidence before the Court demonstrates that ORP's agents have traveled to California.  According to the Declaration of ORP Executive Director Jason Mauk, he, along with ORP Deputy Chairman Kevin DeWine and Communications Director John McClelland (who apparently was responsible for creating the Commercial), traveled to California in January 2008 as part of ORP's efforts to promote Senator McCain's candidacy.  Specifically, Mauk, DeWine and McClelland came to California at the invitation of CNN to watch the presidential debate held in Simi (footnote continued)

ORP concedes that "there is no conflict between the sovereignty of Ohio and California in resolving Browne's claims," but nonetheless argues that the third factor tips in its favor because of Ohio's allegedly strong interest in regulating its own political parties.  Motion, p. 10:6-15.  This case, however, is not about regulating the conduct of Ohio's political parties.  Rather, this case is about the unauthorized use of a recording artist's intellectual property and publicity rights.  As the well-recognized home of the entertainment industry, California, without question, has a strong interest in protecting the intellectual property and publicity rights of recording artists, especially those who are domiciled in the state.

California also has a strong interest in resolving this dispute based on Plaintiff's residency, a fact which even ORP concedes.  This strong interest supports the reasonableness of an exercise of jurisdiction in this case.  *Sinatra v. National Enquirer*, 854 F.2d 1191, 1200 (1988).  *See also Panavision,* 141 F.3d at 1323.

*Doe v. Geller*, cited by ORP, is factually distinguishable because the defendants in *Geller* were not the parties who posted content on YouTube.  Thus, unlike ORP in this case, the *Geller* defendants did not accept YouTube's terms and conditions, or agree that the website was deemed to be based solely in California. This critical fact moots the reasonableness concerns discussed in *Geller,* including those quoted on page 10 of ORP's motion.  While it may be unreasonable to impose jurisdiction on parties around the world who do no more than send a letter to YouTube demanding that it take down infringing content (which is all that the defendants in Geller were alleged to have done), it is certainly not unreasonable to

---

Valley, ostensibly for the purpose of preparing for a similar debate in Ohio (which in fact never took place).  Mauk Decl., ¶ 16-19.  ORP also created a "Los Angeles Video Blog" touting the fact that it went "on the road" to Los Angeles.  Noyes Decl., ¶ 5 and Exs. C and D thereto.  This evidence proves that ORP's agents have no problem traveling to California, even for something which is merely a prospective opportunity, and negates any claim for undue burden.

Kinsella Weitzman Iser Kump & Aldisert LLP

808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

1   impose jurisdiction on parties who are major suppliers of content for distribution via

2   YouTube.  Indeed, as the Terms of YouTube expressly state, by posting content on

3   the site, parties automatically consent to jurisdiction in California.[11]

4   (d)     **California Is The Most Efficient Forum**

5       Plaintiff's Fourth Cause of Action seeks to recover for violations of Plaintiff's

6   California common law rights of publicity.  California is obviously the most

7   efficient forum in which to adjudicate rights based on California common law.

8   California federal courts, where many entertainment-related disputes are resolved,

9   are undoubtedly far more familiar with the relevant law than Ohio courts.

10      The fact that none of the other Defendants have challenged jurisdiction or

11  venue (and thus have consented to it) further tips the efficiency factor in favor of

12  California.  It simply makes no sense to require Plaintiff to litigate his claims in two

13  separate forums.  Moreover, as discussed above, the critical documents and

14  witnesses on the issue of damages (which is likely to be one of the most significant

15  issues at trial) are located in California.  For these reasons, efficiency concerns

16  weigh in favor of jurisdiction in California.  *E.g., Sinatra v. National Enquirer,* 854

17  F.2d at 1200.

18  (e)     **Importance Of The Forum/Existence Of An**

19  **Alternative Forum**

20      ORP concedes that the sixth factor, the importance of the forum to the

---

22  [11]  Notably, in *Bowen v. YouTube,* 2008 WL 1757578 (W.D. Wash.), the court
    found YouTube's forum selection clause to be valid and enforceable, stating:

23      Forum selection clauses "should control absent a strong showing that

24      [they] should be set aside." . . . As one court notice, "While new
        commerce on the Internet has exposed courts to many new situations, it
25      has not fundamentally changed the principles of contract." . . . Thus,
        "when a benefit is offered subject to stated conditions, and the offeree
26      makes a decision to take the benefit with knowledge of the terms of the
        offer, the taking constitutes an acceptance of the terms, which
27      accordingly become binding on the offeree." . . . The Court concludes
        that the forum selection clause here is valid and enforceable. . . ."

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

plaintiff, favors Plaintiff. Motion, p. 11:9-11. ORP attempts, however, to discount the impact of this factor by arguing that Plaintiff is "an internationally recognized rock star who has traveled throughout the world." [CITE] The fact that Plaintiff travels in his career does not in any way minimize Plaintiff's strong interest in having his claims adjudicated in his home state where the entertainment industry is centered, and where the courts have vast experience in dealing with claims similar to those asserted by Plaintiff. Regardless, because the sixth factor admittedly does not favor ORP, it cannot support a finding that ORP has made a compelling case that the exercise of jurisdiction in California would be unreasonable.

With respect to the final factor (the existence of an alternative forum), Plaintiff acknowledges that his claims could be brought against ORP in an Ohio court. However, Ohio courts are not likely to be familiar with California's right of publicity law. Moreover, knowledgeable experts on key issues such as the value of Plaintiff's famous song and publicity rights are unlikely to be found in Ohio.

Taken together, the foregoing factors demonstrate that the exercise of jurisdiction over ORP is reasonable. Even if the Court finds that certain factors weigh in ORP's favor, on balance, ORP has not made the required "compelling showing" that the exercise of jurisdiction would be unreasonable. *Menken v. Emm*, 503 F.3d 1050. Consequently, ORP's motion must be denied.

## B. <u>Venue Is Proper In This District</u>

Pursuant to 28 U.S.C. § 1400(a), an action alleging claims for copyright infringement may be brought in any district in which the defendant or his agent resides or may be found. For purposes of copyright litigation, a defendant "may be found" wherever that person is amenable to personal jurisdiction. *Advideo v. Kimel Broadcast Group,* 727 F.Supp. 1337 (N.D. Cal. 1989). As discussed above, ORP is subject to personal jurisdiction in this Court. Consequently, ORP may be "found" in this District and venue is proper.

Venue is also proper in this district under 28 U.S.C. § 1391(b). Pursuant to

28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The property which is the subject of this action (Plaintiff's intellectual property and publicity rights) is situated in California where Plaintiff resides. *Paolino v. Channel Home Centers*, 668 F.2d 721, 724 n. 2 (3rd Cir. 1981). A substantial part of the events giving rise to the claim, including the distribution of the infringing Commercial and the harm to Plaintiff, also occurred here.

## C. <u>Plaintiff's Choice Of Forum Should Not Be Disturbed</u>

As even ORP acknowledges, if jurisdiction and venue are proper, a plaintiff's choice is forum is given significant weight and should not be disturbed unless the factors of convenience and justice tip strongly in favor of transfer. *See* Motion at pp. 13:27-14:2. *See also Florens Container v. Chao Yang Shipping*, 245 F.Supp.2d 1086 (N.D. Cal. 2002). As discussed above, jurisdiction and venue are proper in this California court. Consequently, Plaintiff's choice of forum should be respected unless the factors of convenience and justice tip strongly in favor of a transfer.

As the party seeking a transfer, ORP bears the burden to prove that a transfer to Ohio would better serve the interests of justice and allow the case to proceed more conveniently. *Id.* at 1088. To meet its burden, ORP cannot rely upon vague generalizations as to the convenience factors. Rather, ORP "is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Id.* at 1093. ORP has not done so.

Like its jurisdictional argument, ORP's argument with respect to venue identifies no specific facts or witnesses. Instead, ORP again baldly asserts, without

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  evidentiary citations or backup, that "[a]ll of the documentary evidence relating to

2  the development and distribution of the Political Video are located in Ohio."  This

3  bald assertion cannot sustain ORP's evidentiary burden.  *Id.*  Indeed, given the

4  admitted fact that the Commercial was created and distributed digitally on a

5  computer, it is hard to imagine that any substantial number of relevant documents

6  even exist.[12]  To the extent they do, however, they are not all located in Ohio.  As

7  ORP admits, the medium through which the Commercial was distributed – YouTube

8  -- is based in California.  Thus, documentary evidence relating to the distribution of

9  the Commercial and the number of "hits" undoubtedly exists in California.  ORP's

10  unsupported claim to the contrary should be rejected.

11  ORP's vague claim that "compulsory process would be available in Ohio and

12  not in California" should likewise be rejected.  This Court, of course, has authority

13  to compel the testimony of witnesses and the production of documents in this forum.

14  The Court also has the authority under the Federal Rules of Civil Procedure to issue

15  subpoenas compelling deposition testimony and the production of documents in

16  Ohio.  FRCP 45.  For these reasons, ORP has not established that the factors of

17  justice and convenience tip strongly in favor of a transfer and its motion must

18  accordingly be denied.

19  Because ORP has not met its evidentiary burden, the Court need look no

20  further into the issues of justice and convenience.  It must be noted, however, that

21  justice will be far better served by having Plaintiff's claims against all Defendants

22  tried in a single California court, rather than splitting the case such that the claims

23  against ORP are tried in Ohio, while claims against the other Defendants (who have

24  not challenged jurisdiction or venue and thus have waived any objections) are tried

25

26  [12]  As set forth in the McClelland Decl., ORP downloaded Plaintiff's song from
Itunes and used software programs "Final Cut Express" and "imovie" to upload the
27  Commercial to YouTube.  McClelland Decl., ¶¶ 7, 10.

28

1   in California.  Having two actions rather than one simply makes no sense.  It is

2   inefficient and will consume unnecessary judicial resources.  Three of the four

3   parties to this lawsuit (Plaintiff, McCain and the RNC) all agree that this case should

4   proceed in the Central District of California.  The case should be tried here.

5   **V.      CONCLUSION**

6           For the foregoing reasons, Plaintiff respectfully requests that ORP's

7   Jurisdictional Challenge be denied in its entirety.  This case should be tried on the

8   merits in this California court**.**

9

10  DATED: January 7, 2009                KINSELLA WEITZMAN ISER KUMP &
                                          ALDISERT LLP
11

12

13

14  By: _____/s/_____

15        Lawrence Y. Iser
        Attorneys for Plaintiff Jackson Browne
16

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850