(JS-6 as to this defendant)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-05334-RGK (Ex) | Date | February 20, 2009 |
|---|---|---|---|
| Title | **JACKSON BROWNE v. JOHN MCCAIN, et al.** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Ohio Republican Party's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, or to Transfer (DE 23)

## I. INTRODUCTION

A few months before the 2008 Presidential election, Jackson Browne ("Browne" or "Plaintiff") sued Republican Presidential candidate, Senator John McCain ("Senator McCain"), along with the Republican National Committee ("RNC"), and the Ohio Republican Party ("ORP") (collectively "Defendants") for copyright infringement and other related claims. Browne's claims arise out of Defendants' alleged improper use of his song *Running on Empty* in a campaign commercial for Senator McCain.

Presently before the Court is ORP's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim, or to Transfer Venue. For the following reasons, the Court **GRANTS** ORP's Motion to Dismiss for Lack of Personal Jurisdiction.[1]

## II. FACTUAL BACKGROUND

The pertinent facts are alleged as follows:

Browne is a singer and songwriter who is closely associated with liberal causes and Democratic political candidates. (Compl. ¶ 1.) Browne's public support for the Democratic Party and President Barack Obama is well-known. (Compl. ¶ 15.) In fact, Browne has performed at political rallies for Democratic Party candidates. *Id.*

---

[1] Since the Court grants ORP's Motion to Dismiss for Lack of Personal Jurisdiction, it need not address ORP's other grounds for dismissing or transferring this action.

Dockets.Justia.com

Senator McCain is a citizen of Arizona and ran as the Republican Presidential candidate in the 2008 Presidential election. (Compl. ¶¶ 1, 5.) RNC is a non-profit political organization based in the District of Columbia. (Compl. ¶ 6.) ORP is a non-profit political organization based in Ohio. (Compl. ¶ 7.)

In 1977, Browne released an album entitled *Running on Empty* (the "Album"), which contained a composition of the same name (the "Composition"). (Compl. ¶ 13.) The Album reached platinum status (i.e., sales of one million or more) seven times over. .*Id.* The Album and Composition are both famously associated with Browne, who owns a federally registered copyright in the Composition. (Compl. ¶¶ 13-14.)

A few months before the November 2008 Presidential election, ORP, acting as an agent for the RNC and Senator McCain, created a commercial mocking then-presumptive Democratic candidate Barack Obama for suggesting that the country can conserve gasoline by keeping their automobile tires inflated to the proper pressure (the "Commercial"). (Compl. ¶ 2.) During the Commercial, a sound recording of Browne performing the Composition, *Running on Empty*, plays in the background. *Id.* Neither Senator McCain, ORP, nor RNC received a license nor Browne's permission to use the Composition in the Commercial. (Compl. ¶¶ 2, 18.)

ORP posted the Commercial on YouTube.com ("YouTube") on August 4, 2008. (Compl. ¶ 16; Decl. McClelland ¶ 12.) ORP also emailed a press release containing a link to the Commercial to Ohio residents, along with news organizations and people interested in Ohio politics. (Decl. McClelland ¶¶ 13-14.)

In addition to the YouTube posting, the Commercial also aired on television and cable networks in Ohio and Pennsylvania, as well as on other websites such as the Huffingtonpost.com. (Compl. ¶ 16.) The Commercial was also aired on and discussed by the national news media, including MSNBC. *Id.*

Since the Commercial first appeared on television and the Internet, Browne has received numerous inquiries expressing concern about Defendants' use of the Composition and Browne's performance. (Compl. ¶ 17.)

Browne contends that the Commercial falsely suggests that he sponsors, endorses, or is associated with Senator McCain and the Republican Party, "when nothing could be further from the truth." (Compl. ¶ 2.)

As a result, Browne sued Defendants on August 14, 2008, asserting claims for (1) Copyright Infringement, (2) Vicarious Copyright Infringement, (3) Violation of the Lanham Act (False Association or Endorsement), and (4) Violation of California Common Law Right of Publicity.

### III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b). Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1356, 1361 (9th Cir. 1990). Accordingly, the court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true.

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

## IV. DISCUSSION

ORP contends that the Court lacks specific personal jurisdiction over it because it lacks sufficient minimum contacts with California.[2] For the following reasons, the Court agrees.

Under the Ninth Circuit's three-prong test, a court may exercise specific personal jurisdiction over a non-resident defendant when (1) the defendant purposefully directs its activities or consummates some transaction with the forum or a forum's resident or performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the plaintiff's claim arises out of or relates to the defendant's forum-related activities, and (3) the forum's exercise of personal jurisdiction comports with fair play and substantial justice (i.e., reasonableness).[3] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-802 (9th Cir. 2004).

The plaintiff bears the burden of meeting the first two prongs of the test. *Sher*, 911 F.2d at 1361. If the plaintiff meets the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of personal jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

### A. Purposeful Availment and Purposeful Direction

In order to satisfy this prong, the plaintiff must show that the defendant either (1) purposefully availed itself of the privilege of conducting activities in the forum, or (2) purposefully directed its activities toward the forum. *Schwarzenegger*, 374 F.3d at 801-2. A court generally uses the purposeful availment analysis in contract cases, in which the court focuses on a defendant's actions in the forum that invoke the benefits and protections of the forum's laws. *Id.* at 802-3. Whereas, a court generally uses the purposeful direction analysis in tort cases, in which the court focuses on a defendant's actions outside the forum that are directed at the forum. *Id.* at 802-3. Courts often characterize violations of the Copyright Act, Lanham Act, and common law right of publicity as torts, particularly when analyzing personal jurisdiction. *See, e.g.*, *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992)*; Goldberg*

---

[2] Browne does not contend that the Court has general jurisdiction over ORP. (Opp. 6-8.) Thus, the Court need not address this issue.

[3] No specific federal statute governs personal jurisdiction in copyright and Lanham Act cases. Thus, the Court will apply California's long-arm statute for purposes of Plaintiff's federal, as well as state-law, claims. Moreover, since California's long-arm statute extends to the Constitutional limits, the Court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).

*v. Cameron*, 482 F. Supp. 2d 1136, 1144 (N.D. Cal. 2007); *Plastwood Corp. v. Robinson*, 2004 WL 1933625 at *4 (S.D.N.Y. 2004).

Despite what appears to be a clear statement by the *Schwarzenegger* court that a court generally uses the purposeful direction analysis in tort cases, Plaintiff contends that there is "no hard and fast rule prohibiting the Court from finding jurisdiction based on purposeful availment in tort cases." (Opp 7, n. 4.) Thus, in the interest of thoroughness and since Plaintiff points to conduct by ORP in California that is susceptible to a purposeful availment analysis, the Court will analyze ORP's California contacts under both purposeful availment and purposeful direction.

### 1. *Purposeful Availment*

Plaintiff contends that ORP purposefully availed itself of the privilege of conducting activities in California by (1) entering into California-based YouTube's Terms of Use agreement, which expressly provided that YouTube is deemed to be based solely in California, and (2) broadcasting its commercials, including the one at issue, on California-based YouTube. For the following reasons, the Court disagrees.

"A showing that a defendant purposefully availed [it]self of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Schwarzenegger*, 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In determining whether purposeful availment exists, a court analyzes the nonresident party's deliberate activities within the forum in light of the nature of its contract with the forum resident. *See Burger King Corp.*, 471 U.S. at 475-76. As a result, while a party's contract with a forum resident is relevant to the jurisdictional analysis, it *alone* does not automatically constitute purposeful availment. *Id.* at 478. Rather, courts typically look to whether the contract creates a substantial connection with, or ongoing relationships and obligations in, the forum. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

Here, the Court finds that Plaintiff has not established that ORP purposefully availed itself of the privilege of conducting activities in California. First, ORP's contract with a forum resident, YouTube, *alone* does not automatically constitute purposeful availment. Second, Plaintiff has not shown that ORP's agreement with YouTube constitutes deliberate activity in California, nor that such an agreement created a substantial connection with, or ongoing relationships and obligations in, California. Indeed, Plaintiff cites no binding precedent supporting jurisdiction based on a defendant's postings on a website operated by non-party, who happens to be located in the forum. Although there may be some support for the theory that ORP's YouTube postings occurred in California, where YouTube's servers are located,[4] without guiding precedent, this Court is unwilling to exercise jurisdiction over ORP on that basis, especially given that at least one other California district court has stated that doing so could lead to unreasonable consequences. *See Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008).

Thus, the Court finds that Plaintiff has not shown purposeful availment.

---

[4] A Virginia District Court held, in 1999, that a party's allegedly defamatory posting on a USENET server located in Virginia constituted sufficient minimum contacts with Virginia to support jurisdiction in that state. *Bochan v. La Fontaine*, 68 F. Supp. 2d 692, 698-99 (E.D. Va. 1999) (applying provision of Virginia's long-arm statute allowing jurisdiction over a defendant who causes tortious injury by an act or omission in Virginia).

### 2. *Purposeful Direction*

Plaintiff contends that ORP purposefully directed its activities at California by (1) creating the Commercial, which improperly used the Composition, (2) posting the Commercial on California-based YouTube, and (3) causing harm to Browne in California, where he is generally known to reside. For the following reasons, the Court disagrees.

The Ninth Circuit employs the "effects" test in purposeful direction cases. *Schwarzenegger*, 374 F.3d at 803. In order to satisfy the "effects" test, the plaintiff must make a prima facie showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc.*, 303 F.3d at 1111.

Here, the Court finds that Plaintiff has not made a prima facie showing as to the third requirement: that ORP caused harm that it knew was likely to be suffered in California. Browne's contention that he is a well-known Southern California resident, alone, is insufficient to establish that ORP knew its allegedly improper act would cause Browne harm in California. Moreover, ORP has presented evidence showing its officers did not know that Browne was a California resident. (Decl. Mauk ¶ 27; Decl. McClelland ¶ 10.)

Thus, the Court finds that Plaintiff has not shown purposeful direction.

The Court accordingly finds that it lacks personal jurisdiction over ORP and **GRANTS** ORP's Motion to Dismiss for Lack of Personal Jurisdiction.

## V.  **EVIDENTIARY OBJECTIONS**

To the extent the Court relies on evidence to which the parties object, the Court overrules those objections.

## VI.  **CONCLUSION**

In light of the foregoing, the Court **GRANTS** ORP's Motion to Dismiss for Lack of Personal Jurisdiction.

**IT IS SO ORDERED.**

                                                                                                          :

Initials of Preparer          slw