# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-05334-RGK (Ex) | Date | February 20, 2009 |
|---|---|---|---|
| Title | **JACKSON BROWNE v. JOHN MCCAIN, et al.** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Senator McCain's Special Motion to Strike (DE 15)

## I. INTRODUCTION

A few months before the 2008 Presidential election, Jackson Browne ("Browne" or "Plaintiff") sued Republican Presidential candidate, Senator John McCain ("Senator McCain"), along with the Republican National Committee ("RNC"), and the Ohio Republican Party ("ORP") (collectively "Defendants") for copyright infringement, and other related claims. Browne's claims arise out of Defendants' alleged improper use of his song *Running on Empty* in a campaign commercial for Senator McCain.

Presently before the Court is Senator McCain's Special Motion to Strike Plaintiff's Common Law Right of Publicity claim. For the following reasons, the Court **DENIES** Senator McCain's Motion.

## II. FACTUAL BACKGROUND

The pertinent facts are alleged as follows:

Browne is a singer and songwriter who is closely associated with liberal causes and Democratic political candidates. Browne's public support for the Democratic Party and President Barack Obama is well-known. In fact, Browne has performed at political rallies for Democratic Party candidates.

Senator McCain is a citizen of Arizona and ran as the Republican Presidential candidate in the 2008 Presidential election. RNC is a non-profit political organization based in the District of Columbia. ORP is a non-profit political organization based in Ohio.

## A. The Composition

In 1977, Browne released an album entitled *Running on Empty* (the "Album"), which contained a composition of the same name (the "Composition"). The Album reached platinum status (i.e., sales of one million or more) seven times over. The Album and Composition are both famously associated with Browne, who owns a federally registered copyright in the Composition. It is that Composition that Browne alleges Defendants improperly used in a campaign commercial for Senator McCain.

The Composition is approximately four minutes and fifty-six seconds. It begins with an approximately twenty-two second instrumental introduction featuring a robust backbeat and piano ("Instrumental Introduction"). The chorus repeats three times over the course of the Composition and consists of the following lyrics "Running on - running on empty, Running on - running blind, Running on- running into the sun, But I'm running behind" ("Chorus").

## B. The Commercial

In anticipation of then-Democratic Presidential candidate Barack Obama's visit to Ohio the week of August 4, 2008, ORP, acting as an agent for the RNC and Senator McCain, created a web video[1] to criticize and comment on Barack Obama's energy policy and his suggestion that the country could conserve gasoline by keeping their automobile tires inflated to the proper pressure (the "Commercial"). During the Commercial, a sound recording of Browne performing the Composition, *Running on Empty*, plays in the background.[2]

The Commercial is approximately one minute and twenty seconds. It begins by displaying the words "Pain at the Pump" in large white and black letters, with bluish-pink graphics, followed by a twenty-five second montage of Ohio news broadcasts regarding the high price of gas. The montage features reporters from Channels 5, 6, and 10, who state: (1) "we don't have to say it, we are all certainly sick of the pain at the pump"; (2) "now the price at the pump is going up once again"; (3) "$3.64 for a gallon"; (4) "gallon of regular going for $3.69"; (5) "gas prices are thirty-eight percent higher now than they were this time last year"; and (6) "for most of us, fill-up can be a budget buster." The montage concludes with a Channel 5 reporter asking "so how do you bring down the price of gas here in northeast Ohio and across the U.S.A.?"

The Commercial then cuts to a CNN broadcast of then-Democratic candidate Barack Obama at a rally saying "making sure your tires are properly inflated." The sound of a needle dragged across a record is heard as the screen flashes the word "What!?" Next, an image of Senator McCain appears, along with the words "Senator McCain has [illegible]." The Commercial then cuts to information on Senator McCain's energy plan, including the words: "Expand Domestic Oil and Natural Gas Production; Reform Transportation Sector; Invest in Clean, Alternative Sources of Energy; Address Climate Change; Promote Energy Efficiency."

At approximately thirty-seven seconds, the Commercial cuts to Senator McCain at a rally saying "my friends this is a national security issue and who is paying the most today, who is bearing the burden? Low-income Americans who are driving the oldest automobiles. We owe it to them and we owe it to all Americans."

---

[1] During the 2008 Presidential campaign, ORP used web videos to generate news coverage in Ohio about the candidates and issues in the campaign. The purpose of these videos was to gain media attention.

[2] ORP purchased the Composition from iTunes for use in the Commercial.

At approximately fifty seconds, the Instrumental Introduction of the Composition begins playing as the screen displays the words "What's that Obama plan again?" At approximately fifty-seven seconds, the volume on the Composition is lowered, but is still audible, and the Commercial cuts back to the CNN broadcast of Obama at a rally saying "making sure your tires are properly inflated, simple thing, but we could save all the oil that they are talking about getting off drilling if everybody was just inflating their tires?" At approximately one minute eight seconds, the volume of the Composition increases as the Commercial cuts to a CNN broadcast of former Presidential candidate Senator Hillary Clinton saying "shame on you Barack Obama."

At approximately one minute ten seconds, the Commercial cuts to a photo of Barack Obama with the words "Barack Obama: No Solutions," which changes to "Barack Obama: Not Ready to Lead" as Browne is heard singing the Chorus of the Composition.

The Commercial then concludes with a black screen containing small print at the bottom that reads "Paid for by the Ohio Republican Party. www.ohiogop.org. Not authorized by any candidate or candidate committee."

Neither Senator McCain, ORP, nor RNC received a license nor Browne's permission to use the Composition in the Commercial.

On August 4, 2008, ORP posted the Commercial on YouTube.com ("YouTube"). ORP also emailed a press release containing a link to the Commercial to Ohio residents, along with news organizations and people interested in Ohio politics.

In addition to the YouTube posting, the Commercial also aired on television and cable networks in Ohio and Pennsylvania, as well as on other websites such as the Huffingtonpost.com. The Commercial was also aired on and discussed by the national news media, including MSNBC.

After receiving a letter from Browne's counsel, ORP removed the Commercial from YouTube on August 6, 2008.

Since the Commercial first appeared on television and the Internet, Browne has received numerous inquiries expressing concern about Defendants' use of the Composition and Browne's performance.

Browne contends that the Commercial falsely suggests that he sponsors, endorses, or is associated with Senator McCain and the Republican Party, "when nothing could be further from the truth."

As a result, Browne sued Defendants on August 14, 2008, asserting claims for (1) Copyright Infringement, (2) Vicarious Copyright Infringement, (3) Violation of the Lanham Act (False Association or Endorsement), and (4) Violation of California's Common Law Right of Publicity.

### III. **JUDICIAL STANDARD**

Under the Anti-SLAPP Statute, a defendant may make a special motion to strike a claim that is brought primarily to chill the valid exercise of free speech. *See* Cal. Civ. Proc. Code § 425.16. Such motions ("Anti-SLAPP motions"), may be brought in federal court against a plaintiff's state law claims. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999).

A defendant generally brings an Anti-SLAPP motion at the pleading stage, which forces the

plaintiff to present evidence supporting its claims. *See Varian Med. Sys., Inc. v. Delfina*, 35 Cal. 4th 180, 192 (2005). The trial court then evaluates the merits of the lawsuit using a summary judgment-like procedure. *Taus v. Loftus*, 40 Cal. 4th 683, 714 (2007).

The Anti-SLAPP Statute ("Section 425.16") places the initial burden on the defendant to make a prima facie showing that the plaintiff's claims arise from an act made in connection with a public issue or an issue of public interest, in furtherance of the defendant's right of free speech under the United States or California Constitutions. Cal. Civ. Proc. Code § 425.16(b)(1). If the defendant meets this initial burden, the burden then shifts to the plaintiff to establish, by competent and admissible evidence, a probability that the plaintiff will prevail on his claims at trial. Cal. Civ. Proc. Code § 425.16(b); *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1087 (Cal. Ct. App. 4th Dist. 2001).

When analyzing an Anti-SLAPP motion, a court must accept as true all evidence favorable to the plaintiff and assess defendant's evidence only to determine if it bars plaintiff's submissions as a matter of law. *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699-700 (Cal. Ct. App. 1st Dist. 2007). Since an Anti-SLAPP motion is brought at an early stage of proceedings, the plaintiff's burden of establishing a probability of success is not high. *Id.* Nonetheless, if the plaintiff is unable to satisfy his burden, the court should grant the defendant's motion. *DuPont Merck Pharmaceutical Co. v. Sup. Ct. (Newman)*, 78 Cal. App. 4th 562, 564 (Cal. Ct. App. 4th Dist. 2000). In addition, since the statutory intent is to provide a quick, inexpensive method of dismissing SLAPP suits, leave to amend is improper. *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (Cal. Ct. App. 3d Dist. 2001).

## IV. DISCUSSION

Senator McCain contends that the Court should grant his Motion because (1) he has shown that Browne's Right of Publicity claim is based on protected activity under Section 425.16, and (2) Browne has not established a probability of success on his claim. For the following reasons, the Court agrees as to Senator McCain's first point, but disagrees as to Senator McCain's second point.

### A. Protected Activity under Section 425.16

Section 425.16's purpose is to provide a vehicle for early dismissal of suits that are based on the exercise of a defendant's constitutional right of free speech. *See Varian Medical Sys.*, 35 Cal. 4th at 192. In light of this purpose, the statute states that it "shall be construed broadly." Cal. Civ. Proc. Code § 425.16(a).

In order to meet its initial burden on an Anti-SLAPP motion, the defendant must show that the plaintiff's claims arise from protected activity under Section 425.16. Cal. Civ. Proc. Code § 425.16(a). Protected activity under Section 425.16 means an act that is made in connection with a public issue or an issue of public interest, in furtherance of the defendant's constitutional right of free speech. *Id.* at (b)(1). An act "in furtherance of a person's right of . . . free speech . . . in connection with a public issue includes . . . (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e).

Here, the Court finds that Senator McCain has met his burden of showing that Browne's Right of Publicity claim arises from protected activity under Section 425.16 because it involves an issue of public interest (i.e., the 2008 Presidential candidates and their energy policies). Moreover, since Section 425.16 states that it must be construed broadly, the Court declines Browne's invitation to construe the statute narrowly, so as to focus solely on Defendants' use of his identity and Composition, without considering the context in which it was used (i.e., a political campaign). Such a narrow construction does not appear

to be supported by the statute, nor cases.

Thus, since the Court finds that Senator McCain has met his burden, the burden now shifts to Browne to establish a probability of success on his Right of Publicity claim.

### B. Probability of Success on Right of Publicity Claim

#### 1. *Browne's Burden of Showing a Probability of Success*

In order to meet its burden, a plaintiff must demonstrate a probability of prevailing on its claim. *See* Cal. Civ. Proc. Code § 425.16(b)(1). However, the term "probability" is susceptible to more than one meaning, which is problematic in this case where the outcome of Senator McCain's Motion depends on which meaning the Court adopts. Specifically, the term "probability" can mean a strong likelihood that an event will occur or a mere possibility that an event will occur. *See* Oxford English Dictionary (2005). Adopting the former in this case would require Plaintiff to show a strong likelihood (i.e., more than fifty percent) that he will succeed on his claim; adopting the latter would require Plaintiff to show only a merely possibility of success on his claim.

Courts that have interpreted Section 425.16 seem to suggest that the term "probability" does not require plaintiff to show a strong likelihood of success. Rather, in order to show a "probability" of prevailing, a "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002). "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute–i.e., that arises from protected speech or petitioning *and* lacks even minimal merit–is a SLAPP, subject to being stricken under the statute." *Id.* Thus, it appears that there is support for adopting the more lenient meaning of "possibility" because it would require that the plaintiff show a mere possibility of success and only a plaintiff's suit that lacks even minimal merit will be unable to satisfy this standard.

Therefore, since the term "probability" is susceptible to more than one meaning, and courts that have interpreted that term have stated that only a suit lacking even minimal merit would not satisfy the standard, the Court will adopt the more lenient meaning of the term "probability," such that Plaintiff needs to show a mere possibility of success on his claim to survive Senator McCain's Anti-SLAPP motion.

#### 2. *Prima Facie Case for Violation of California's Common Law Right of Publicity*

In order to state a claim under California's common law right of publicity,[3] a plaintiff must show "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *White*, 971 F.2d at 1397 (quoting *Eastwood v. Superior Court*, 149 Cal. App. 3d 409 (Cal. Ct. App. 2d Dist. 1983) superceded by statute on other grounds as recognized by *KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 367 (Cal. Ct. App. 2d Dist. 2000)).

---

[3] California also has a statutory right of publicity. *See* Cal. Civ. Code § 3344. Senator McCain points out that Browne did not sue under California's right of publicity statute because the statute expressly exempts any claim based on use of a voice in a political campaign. (Mot. 9, n.4.) The Court makes no finding on this point, but notes that the mere fact that a plaintiff cannot assert a statutory right of publicity claim does not preclude that plaintiff from asserting a common law right of publicity claim. *See White v. Samsung Electronics America, Inc.*, 971 F.2d 1395, 1397 (9th Cir. 1992).

Browne contends that he has met his burden, for purposes of Section 425.16, on his Right of Publicity claim. For the following reasons, the Court agrees.

  a. <u>Senator McCain's Use of Plaintiff's Identity</u>

The Court finds that Browne has met his burden of showing Senator McCain used his identity. First, the Declaration of John McClelland and the Commercial itself establishes that ORP used the Composition in the Commercial. (Decl. McClelland ¶¶ 9-11, Ex. 1.) Second, Browne alleges, in his Complaint, that ORP created and distributed the Commercial as RNC and Senator McCain's agent. (Compl. ¶¶ 2, 16, 40.) Third, the evidence shows a relationship between ORP, RNC, and Senator McCain. (Decl. Noyes Ex. G; Decl. Maul Ex. 4.) Fourth, Browne has also presented evidence that tends to show that his voice is sufficiently distinctive and widely known that, in light of the Composition's success, its use in the Commercial could constitute use of his identity.[4] (Decl. Miller ¶¶ 2-5, Exs. B, C.)

Moreover, Senator McCain has not shown that Browne's theory that ORP was acting as Senator McCain's agent fails as a matter of law. Once an agency relationship is established, the principal is liable for the acts of her agent, even if the principal does not expressly authorize or instruct her agent to take any action. *See generally LaMonte v. Sanwa Bank California*, 45 Cal. App. 4th 509, 523 (Cal. Ct. App. 2d Dist. 1996). As long as the agent is operating within the scope of the agency relationship, the principal is liable for her agent's actions. *Id.* Thus, even though Senator McCain presents evidence showing that he played no part in the creation or dissemination of the Commercial, and did not even know it existed until days before the current Motion was filed (Decl. McCain ¶¶ 2-3), this evidence does not bar, as a matter of law, Browne's claim.

As a consequence, given the nature of the Court's inquiry on an Anti-SLAPP motion, combined with the limited availability of evidence at this stage of the case, the Court simply cannot conclude that Browne has no possibility of success in showing that ORP was acting as Senator McCain's agent when it created and disseminated the Commercial.

Thus, Browne has met his burden on this element.

  b. <u>Appropriation of Plaintiff's Name or Likeness to Defendant's Advantage, Commercially or Otherwise</u>

The Court finds that Browne has met his burden of showing Senator McCain appropriated his identity to its advantage. As discussed in Section IV.B.1. above, Browne has presented evidence supporting his claim that ORP, acting as Senator McCain's agent, used his identity. (Decl. Miller ¶¶ 2-5, Exs. B, C.) In addition, evidence shows that Defendants may have benefitted from this use through increased media attention for Senator McCain's candidacy.[5] (Decl. Miller ¶ 6; Decl. McClelland ¶¶ 5, 8-10; Decl. Mauk ¶¶ 6, 8, 23.)

Thus, Browne has met his burden on this element.

---

[4] Unauthorized use of a singer's famous voice can constitute misappropriation of identity under California law. *See Midler v. Ford Motor Co.*, 849 F.2d 460 (9th Cir. 1988).

[5] In his Motion, Senator McCain also contends that "Browne's right of publicity claim must be dismissed because such a claim only applies to commercial speech–which the Political Video clearly is not." (Mot. 11.) In his Reply, however, Senator McCain apparently abandons this argument and instead contends that his earlier argument actually related to his First Amendment defense. (Reply 5.)

### c. Lack of Consent

The Court finds that Browne has met his burden of showing that Senator McCain, through ORP as his agent, lacked consent to use the Composition in the Commercial. (Compl. ¶¶ 2, 18, 40-42; Decl. Miller ¶ 6; Decl. McClelland ¶ 10.)

Thus, Browne has met his burden on this element.

### d. Resulting Injury

The Court finds that Browne has met his burden of showing that Senator McCain's use of the Composition resulted in injury. Browne contends that Senator McCain's use of the Composition gave the false impression that he was associated with or endorsed Senator McCain's Presidential candidacy (Compl. ¶ 43) and that Defendants' unauthorized use caused him irreparable harm and resulted in damages exceeding $75,000 (Compl. ¶¶ 41-42). In addition, the evidence shows that Senator McCain did not pay a licensing fee for the Composition (Decl. McClelland ¶ 10; Decl. Miller ¶ 6).

Thus, Browne has met his burden on this element.

Accordingly, the Court finds that Plaintiff has met his burden of establishing, for purposes of Section 425.16, a probability of success on his Right of Publicity claim.

## C. Senator McCain's Affirmative Defenses

A defendant that challenges a plaintiff's claim on an Anti-SLAPP motion by raising affirmative defenses bears the burden of proof on those defenses. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 676 (Cal. Ct. App. 1st Dist. 2005).

Even though Browne has established, for purposes of Section 425.16, a probability of success on his Right of Publicity claim, Senator McCain nonetheless contends that Browne's claim is barred because the Commercial (1) concerned a matter of public interest, (2) enjoys the broad protection of the First Amendment, and (3) was transformative. For the following reasons, the Court disagrees.

When analyzing a defendant's affirmative defenses on an Anti-SLAPP motion, in order to prevail, the defendant must show that its evidence bars the plaintiff's claim as a matter of law. *Overstock.com, Inc.*, 151 Cal. App. 4th at 699-700.

### 1. *Public Interest*

The public interest defense bars a plaintiff's common law right of publicity claim when defendant's use of the plaintiff's identity is a matter of public interest, such as news reporting. *See New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 309-10 (9th Cir. 1992). Generally, courts apply this defense when the defendant's use of the plaintiff's identity actually targets the plaintiff or matters related to the plaintiff. *See, e.g.*, *Montana v. San Jose Mercury News, Inc.*, 34 Cal. App. 4th 790, 793 (Cal. Ct. App. 6th Dist. 1995); *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th 536 (Cal. Ct. App. 2d Dist. 1993). In addition, a mere finding of "public interest" alone does not automatically exempt a defendant from liability on a right of publicity claim. *See, e.g.*, *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1089 (9th Cir. 2002) (discussing inapplicability of privilege to a defendant's use of a plaintiff's name and likeness in a knowingly false manner).

Here, the Court finds that Senator McCain has not established that, at this point, the public interest defense bars Browne's claim. Specifically, Senator McCain has not made a sufficient showing

that the actual use of the Composition in the Commercial is protected under the public interest exception. While it is true that the 2008 Presidential election and the candidates' energy policies are matters of public interest, that fact alone does not automatically exempt Senator McCain from liability on Browne's claim.

Senator McCain has not shown how its use of the Composition *itself* is a matter of public interest. Defendants admit that the purpose of their use was to get media attention and support Senator McCain's candidacy. (Decl. McClelland ¶¶ 9-10, Ex. 1.) But there is no evidence that Defendants chose the Composition because the Composition or Browne were matters of public interest. In fact, the evidence shows that ORP's principals did not even know that Browne was politically active. (Decl. McClelland ¶¶ 9-10; Decl. Mauk ¶ 6.) Moreover, the evidence shows that the Commercial did not comment on nor target the Composition nor Browne. (Decl. McClelland ¶¶ 9-10, Ex. 1.) Rather, McClelland, the Commercial's creator, chose the Composition because it "fit" the message of the Commercial. (Decl. McClelland ¶¶ 9-10; Decl. Mauk ¶ 6.)

Senator McCain's attempt to analogize this case to *Paulsen v. Personality Posters, Inc.* is unpersuasive. *See Paulsen v. Personality Posters, Inc.*, 299 N.Y.S.2d 501, 504 (N.Y. Sup. 1968). Unlike Browne in this case, the plaintiff in *Paulsen* actually injected himself into the 1968 Presidential election through his comedy routine based on his candidacy as the "Put-On Presidential Candidate of 1968," which was discussed in the national media, and actually resulted in him receiving several votes in primary elections. *Paulsen*, 299 N.Y.S.2d at 504. Senator McCain has not shown that Browne engaged in a similar kind of purposeful interjection into the 2008 Presidential election nor that the use of the Composition was in any way related to such an interjection, which would be particularly unlikely given that ORP's principals did not even know that Browne was politically active. (Decl. McClelland ¶ 10; Decl. Maul ¶ 6.)

Senator McCain's reliance on *Daly v. Viacom* is similarly unpersuasive. *See Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal. 2002). This Court is not bound by the district court's decision in that case, which the Court finds factually distinguishable from the current case.[6]

Thus, Senator McCain has not met his burden of establishing that the public interest exception bars, as a matter of law, Browne's claim.

### 2. *First Amendment's Broad Protection of Political Expression*

Generally, political expression and speech uttered during a campaign for public office enjoys broad First Amendment protection. *See Buckley v. Valeo*, 424 U.S. 1, 14 (1976). If, however, such speech is false or misleading, it enjoys diminished protection. *See generally Solano*, 292 F.3d at 1089.

Here, the Court finds that Senator McCain, at this point, has not shown that the mere fact that the Composition was used in the context of a political campaign, alone, bars Browne's claim. Senator McCain has not shown that political expression's broad First Amendment protection bars, as a matter of law, *all* actions based on allegedly improper use of a person's identity in campaign-related materials. Such a proposition does not seem warranted, particularly in light of Browne's allegation that the Commercial gave the misleading impression that Browne endorsed Senator McCain's candidacy.

Thus, Senator McCain has not met his burden of establishing that the First Amendment bars, as a matter of law, Browne's claim.

---

[6] A district court opinion does not have binding precedential effect. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001).

### *3. Transformative Use*

Under the "transformative use" test, the First Amendment bars a right of publicity claim if the claim is based on a work that contains significant transformative elements. *Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 405-6 (2001). In the context of a right of publicity claim, a transformative use contemplates actual transformation of a celebrity's likeness so that it becomes the defendant's own expression. *Id.* at 406.

Here, the Court finds that Senator McCain, at this point, has not shown that the use of the Composition in the Commercial was transformative. The Commercial contained a verbatim copy of portions of the Composition containing Browne's voice. (Decl. McClelland Exs. 1, 2.) Moreover, it appears that the portions of the Composition featured in the Commercial were not altered in any way. (Decl. McClelland Exs. 1, 2.)

Thus, Senator McCain has not met his burden of establishing that Browne's claim is barred, as a matter of law, under the "transformative use" test.

## V. **EVIDENTIARY OBJECTIONS**

To the extent the Court relies on evidence to which the parties object, the Court overrules those objections.

## VI. **CONCLUSION**

In light of the foregoing, the Court **DENIES** Senator McCain's Special Motion to Strike Plaintiff's Common Law Right of Publicity claim.

**IT IS SO ORDERED.**

|  | : |  |
| --- | --- | --- |
| Initials of Preparer |  | slw |