HOWARD J. KLEIN (NO. 77029)
hjklein@koslaw.com
THEODORE P. LOPEZ (NO. 191328)
tlopez@koslaw.com
SANG N. DANG (NO. 214558)
sdang@koslaw.com
**KLEIN, O'NEILL & SINGH, LLP**
43 Corporate Park
Suite 204
Irvine, CA 92606
Telephone: 949-955-1920
Facsimile: 949-955-1921

Attorneys for Defendant,
THE REPUBLICAN NATIONAL COMMITTEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| JACKSON BROWNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN McCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY, a non-profit political organization<br><br>Defendants. | CASE NO. CV-08-05334 RGK (Ex)<br><br>**DEFENDANT THE REPUBLICAN NATIONAL COMMITTEE'S ANSWER TO PLAINTIFF JACKSON BROWNE'S COMPLAINT** |

Defendant Republican National Committee ("RNC") answers the Complaint filed by Jackson Browne ("Plaintiff") as follows:

**INTRODUCTION**

1. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 1 of the Complaint, and therefore denies the same. Defendant RNC denies the allegations in the last sentence of Paragraph 1 of the Complaint.

2. Defendant RNC denies that the Ohio Republican Party acted as an agent for Defendant RNC, as alleged in Paragraph 2 of the Complaint. As to the last sentence in Paragraph 2 of the Complaint, Defendant RNC admits that it did not seek or receive a license from Plaintiff, but Defendant RNC denies that it was required to do so, and Defendant RNC specifically denies having had any involvement in the creation or distribution of the political video that is the subject of this lawsuit. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

**PARTIES**

4. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5. Defendant RNC admits that Defendant McCain is a United States Senator. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant RNC admits that it is a non-profit political organization with its principal place of business and headquarters in the District of Columbia, as alleged in Paragraph 6 of the Complaint.

7. Defendant RNC admits the allegations in Paragraph 7 of the Complaint.

8. Defendant RNC denies the allegations in Paragraph 8 of the Complaint.

| | |
|---|---|
| 1 | 9. No response to Paragraph 9 is necessary. |

## JURISDICTION AND VENUE

10. No response to Paragraph 10 is necessary.

11. Defendant RNC denies that Plaintiff has suffered any injury or that Plaintiff is entitled to any relief by means of the allegations set forth in the Complaint. Defendant RNC avers that the remaining allegations in Paragraph 11 regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.

12. Defendant RNC avers that the allegations of Paragraph 12 regarding venue constitute legal contentions and/or conclusions to which no response is required. Defendant RNC denies the remaining allegations in Paragraph 12.

## STATEMENT OF FACTS

13. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant RNC denies that the Ohio Republican Party acted as an agent for, or in concert with, Defendant RNC at any time relevant to the subject matter of the Complaint, as alleged in the first sentence of Paragraph 16 of the Complaint, and Defendant RNC specifically denies having had any involvement in the creation or distribution of the political video that is the subject of the Complaint. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 16 of the Complaint, and therefore denies the same. Defendant RNC further denies the allegations contained in the second sentence of Paragraph 16. Defendant RNC also denies the allegations contained in the last sentence of Paragraph 16. As to the remaining allegations in Paragraph 16, Defendant RNC is without knowledge or information sufficient to form a belief as to their truth, and therefore denies the same.

17. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant RNC admits that it did not seek or obtain Plaintiff's permission to use the Composition, but denies that it was required to obtain a license or seek or receive permission from Plaintiff to use the Composition, as Defendant RNC had no involvement in the creation or distribution of the political video. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has never allowed the Composition to be used in any commercial, and therefore denies the same. Defendant RNC denies the remaining allegations in Paragraph 18 of the Complaint.

## **CLAIMS**

### **FIRST CAUSE OF ACTION**
**(Copyright Infringement)**

19. Defendant RNC responds to the allegations re-alleged and incorporated by reference in Paragraph 19 of the Complaint in the same manner as set forth hereinabove.

20. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant RNC avers that the allegations in Paragraph 21 concerning Plaintiff's allegations of infringement constitute legal contentions and/or conclusions to which no response is required; nonetheless, Defendant RNC denies the same. Defendant RNC admits that it did not seek or receive a license or authorization from Plaintiff, but denies that it was required to do so. Defendant RNC specifically denies having had any involvement in the creation or distribution of the political video.

22. Defendant RNC denies the allegations in Paragraph 22.

23. Defendant RNC denies the allegations in Paragraph 23.

24. Defendant RNC denies the allegations in Paragraph 24.

### **SECOND CAUSE OF ACTION**
**(Vicarious Copyright Infringement)**

25. Defendant RNC responds to the allegations re-alleged and incorporated by reference in Paragraph 25 of the Complaint in the same manner as set forth hereinabove.

26. Defendant RNC denies the allegations in Paragraph 26.

27. Defendant RNC denies the allegations in Paragraph 27.

28. Defendant RNC denies the allegations in Paragraph 28.

29. Defendant RNC denies the allegations in Paragraph 29.

30. Defendant RNC denies the allegations in Paragraph 30.

31. Defendant RNC denies the allegations in Paragraph 31.

## THIRD CAUSE OF ACTION
### (Federal Trademark Infringement)

32. Defendant RNC responds to the allegations re-alleged and incorporated by reference in Paragraph 32 of the Complaint in the same manner as set forth hereinabove.

33. Defendant RNC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies the same.

34. Defendant RNC denies the allegations in Paragraph 34.

35. Defendant RNC denies the allegations in Paragraph 35.

36. Defendant RNC denies the allegations in Paragraph 36.

37. Defendant RNC denies the allegations in Paragraph 37.

38. Defendant RNC denies the allegations in Paragraph 38.

## FOURTH CAUSE OF ACTION
### (Violation of California Common Law Right of Publicity)

39. Defendant RNC has filed a Notice of Appeal of this Court's Order Denying Defendant RNC's Motion to Strike the Fourth Cause of Action under the California Anti-SLAPP statute, thereby automatically staying further proceeding by this Court on the merits of that Cause of Action. Therefore, no response to Plaintiff's Fourth Cause of Action (Violation of California Common Law Right of Publicity - Paragraphs 39-43 of the Complaint) is required or would be appropriate until Defendant RNC's appeal is resolved. Defendant RNC reserves the right to amend its Answer accordingly upon resolution of the appeal.

## DEFENDANT RNC'S FURTHER ANSWERS AND AFFIRMATIVE DEFENSES

1     40. Defendant RNC denies the remaining allegations of the Plaintiff's Complaint,

2 including Paragraphs 1 – 16 constituting the Prayer for Relief and All Causes of Action, because

3 Plaintiff is not entitled to any of the relief sought by means of the Complaint, under any theory.

4     41. Defendant RNC has not knowingly or intentionally waived any applicable

5 affirmative defenses and reserves the right to assert any other defense that may become available

6 or appear during the discovery proceedings or otherwise in this case. Defendant RNC further

7 reserves the right to amend its answer and/or affirmative defenses accordingly. By setting forth

8 any particular defenses below, Defendant RNC does not thereby assume an affirmative burden of

9 proof as to that defense, but rather relies on applicable law governing which party has the burden

10 of proof and what such burden is.

11     42. In addition to its own affirmative defenses stated below, Defendant RNC hereby

12 adopts and incorporates by reference any affirmative defenses asserted by any other Defendant to

13 this action, to the extent such affirmative defenses applies to Defendant RNC.

14 **First Affirmative Defense**

15     43. Plaintiff has failed to state a claim upon which relief should be granted.

16 **Second Affirmative Defense**

17     44. Plaintiff's state law claim is preempted by the federal copyright law since the

18 allegedly infringing acts fall within the subject matter of copyright as described in 17 U.S.C. §§

19 102 and 103 and the rights asserted under the state law are equivalent to the rights contained in 17

20 U.S.C. § 106.

21 **Third Affirmative Defense**

22     45. Plaintiff's federal trademark infringement claim is barred, in whole or in part,

23 since neither Plaintiff's identity and persona nor the Composition have secondary meaning and do

24 not afford Plaintiff any enforceable trademark.

25 **Fourth Affirmative Defense**

26     46. Plaintiff's federal trademark infringement claim is barred because even if Plaintiff

27 has an enforceable trademark in Plaintiff's identity and persona or the Composition, no trademark

28 use has been made of such alleged trademark, as the Commercial neither advertises "goods,

services or commercial activities" nor constitutes "commercial advertising or promotion" within the meaning of 15 U.S.C. § 1125(a)(1).

### Fifth Affirmative Defense

47. Defendant RNC is not the real party in interest, to the extent that Defendant RNC did not sponsor or pay for the Commercial that is the subject of this litigation, nor did Defendant RNC act in concert with the Ohio Republican Party or the McCain campaign to create the Commercial.

### Sixth Affirmative Defense

48. Plaintiff's claims are barred because Defendant RNC had no right nor ability to supervise the allegedly infringing acts, Defendant RNC had no obvious and direct financial interest in the allegedly infringing acts, and Defendant RNC otherwise took no steps to foster, promote, entice, or encourage infringement.

### Seventh Affirmative Defense

49. Defendant RNC has made no profit as a result of the allegedly infringing acts, including any profit under 17 U.S.C. §504(b) that is attributable to the alleged copyrighted Composition.

### Eighth Affirmative Defense

50. Plaintiff's claims of copyright infringement pursuant to 17 U.S.C. § 106(4) are barred with respect to any public performance of the Commercial on television networks, as such performances occurred pursuant to licenses.

### Ninth Affirmative Defense

51. Plaintiff's claims are barred because the use of the Composition in the Commercial is fair use.

### Tenth Affirmative Defense

52. Plaintiff's claims of copyright infringement pursuant to 17 U.S.C. § 106(4) are barred with respect to any public performance of the Commercial on television news programs, blogs, web sites, and other media, as such performances constituted fair use, as set forth in 17 U.S.C. § 107.

**Eleventh Affirmative Defense**

53. Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. § 106(4) are barred because the Composition was not publicly performed.

**Twelfth Affirmative Defense**

54. Plaintiff's claims are barred because the use of the Composition in the Commercial is constitutionally protected by the First Amendment of the United States Constitution.

**Thirteenth Affirmative Defense**

55. Plaintiff's claims for violation of the California Common Law Right of Publicity are barred because the use the Composition in the Commercial is constitutionally protected by the First Amendment inasmuch as it contains significant transformative elements and that the value of the Commercial does not derive primarily from the Plaintiff's fame.

**Fourteenth Affirmative Defense**

56. Plaintiff's claims for violation of the California Common Law Right of Publicity are barred because the use of the Composition in the Commercial is constitutionally protected by the First Amendment as it is non-commercial, political expression.

**Fifteenth Affirmative Defense**

57. Plaintiff's alleged copyright registration is invalid or unenforceable due to the failure to comply with the requirements of Title 17 of the United States Code.

**Sixteenth Affirmative Defense**

58. Plaintiff's alleged ownership of the alleged federally registered copyright in the Composition is denied.

**Seventeenth Affirmative Defense**

59. Plaintiff's claims are barred as Plaintiff lacks standing under 17 U.S.C. §501(b) to bring this action.

*//*

*//*

*//*

*//*

### Eighteenth Affirmative Defense

60. Defendant RNC expressly denies that it performed any of the allegedly infringing acts, but any use of copyrighted material by Defendant RNC was *de minimus* and thereby does not constitute an infringement.

### Nineteenth Affirmative Defense

61. Defendant RNC expressly denies that it performed any of the allegedly infringing acts, but in the unlikely event that the trier of fact so finds, Defendant RNC's performance of any of the allegedly infringing acts was done with innocent intent.

### Twentieth Affirmative Defense

62. Any award of injunctive relief is not reasonable in view of the facts of this case.

### Twenty First Affirmative Defense

63. Plaintiff's claims are barred, in whole or in part, because any alleged damages are speculative, uncertain, and impossible to ascertain or allocate.

### Twenty Second Affirmative Defense

64. Plaintiff's claims are barred, in whole or in part, due to the absence of any injury or damage as a result of the matters alleged in the Complaint. To the extent that Plaintiff has suffered injury or damage, which Defendant RNC expressly denies, Defendant RNC further avers that any such injury or damage was not by reason of any act or thing done by Defendant RNC.

### Twenty Third Affirmative Defense

65. Plaintiff has not suffered any recoverable damages as a result of the allegedly infringing acts of Defendant RNC, including that Plaintiff has not suffered any damages under 17 U.S.C. §504(a) as a result of the alleged copyright infringement of Defendant RNC.

### Twenty Fourth Affirmative Defense

66. Any damages and profits sought by Plaintiff are limited, in whole or in part, pursuant to 17 U.S.C. §504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged copyrighted Composition.

//

//

### Twenty Fifth Affirmative Defense

67. Any statutory damages sought by Plaintiff pursuant to 17 U.S.C. §504(c) are limited, in whole or in part, because any alleged infringement was not committed willfully.

### Twenty Sixth Affirmative Defense

68. Any damages suffered by Plaintiff were incurred as a direct and proximate result of Plaintiff's own failure to take all reasonable actions or to use reasonable diligence to properly mitigate such damages.

### Twenty Seventh Affirmative Defense

69. Plaintiff's claims are barred by the doctrines of misuse, waiver, estoppel and laches.

### Twenty Eighth Affirmative Defense

70. Plaintiff's claims are barred, in whole or in part, on the grounds that the claims are frivolous, unreasonable, not brought in good faith and groundless and, accordingly, Defendant RNC is entitled to recover all costs and attorney's fees incurred herein.

### Twenty Ninth Affirmative Defense

71. Upon information and belief, Plaintiff's request for equitable relief should be denied due to Plaintiff's own inequitable conduct, unclean hands, and misrepresentations, as well as because Plaintiff has an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays as follows:

1. That the Complaint, at least with respect to Defendant RNC, be dismissed with prejudice;

2. That Plaintiff takes nothing by the way of this action;

3. That judgment be entered in favor of Defendant RNC as to all causes of action asserted against it;

4. That Plaintiff be ordered to pay all of Defendant RNC's costs associated with this action, including attorneys' fees, incurred in defense of the action; and

5. That this Court grants such other and further relief as may be just and appropriate.

## **JURY DEMAND**

Defendant RNC, pursuant to Federal Rule of Civil Procedure, Rule 38(b), demands a jury trial of all triable issues.

DATED: March 10, 2009         KLEIN, O'NEILL & SINGH, LLP


By /s/ Howard J. Klein
  Howard J. Klein
  Attorneys for Defendant,
  THE REPUBLICAN NATIONAL COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

                                          /s/ Sang N. Dang
                                          Sang N. Dang