Lincoln D. Bandlow (SBN 170449)
LATHROP & GAGE LLP
1880 Century Park East, Suite 1004
Los Angeles, California 90067-2627
Telephone: (310) 789-4600
Fax: (310) 789-4601
Email: lbandlow@lathropgage.com

Attorneys for Defendant
JOHN MCCAIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JACKSON BROWNE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MCCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY; a non-profit political organization,<br><br>Defendants. | CASE NO. CV08-05334 RGK (Ex)<br><br>**ANSWER BY DEFENDANT JOHN MCCAIN** |

Defendant JOHN MCCAIN ("Defendant"), for himself and for no other defendants, hereby responds to the Complaint for (1) Copyright Infringement; (2) Vicarious Copyright Infringement; (3) Violation of Lanham Act §1125(a); and (4) Violation of California Common Law Right of Publicity, by Plaintiff JACKSON BROWNE ("Plaintiff") as follows. The paragraph numbers below correspond to the paragraphs in the Complaint.

**INTRODUCTION**

1. Defendant denies for lack of sufficient knowledge or information each allegation in the first four sentences of Paragraph 1 of the Complaint. Defendant denies the allegations in the last sentence of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of the first two sentences of Paragraph 2 of the Complaint, except Defendant admits that the content of the political video that is the subject of the Complaint ("Political Video") speaks for itself. Defendant denies the allegations of the third sentence of Paragraph 2 of the Complaint. As to the fourth sentence of Paragraph 2 of the Complaint, Defendant admits that he did not seek or receive a license from Plaintiff but Defendant denies that Defendant was required to do so and Defendant specifically denies having had any involvement in the creation or distribution of the Political Video or having had any knowledge of the Political Video until after the Complaint was filed.

3. Defendant denies each allegation of Paragraph 3 of the Complaint.

**PARTIES**

4. Defendant denies for lack of sufficient knowledge or information the allegation in Paragraph 4 of the Complaint.

5. Defendant admits that he is a United States Senator and is a citizen of the State of Arizona.

6. Defendant admits that the Republican National Committee ("RNC") is a non-profit political organization headquartered in the District of Columbia.

7. Defendant admits that the Ohio Republican Party ("ORP") is a non-profit political organization headquartered in the State of Ohio.

8. Defendant denies each allegation in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff refers to McCain, the RNC and the ORP collectively as "Defendants" in the Complaint.

1

**JURISDICTION AND VENUE**

10. Defendant admits that Plaintiff purports to state claims for relief under the Copyright Act and Lanham Act and that the Court has subject matter jurisdiction over any such purported claims. Defendant admits that Plaintiff alleges that jurisdiction over this matter is proper under 28 U.S.C. §§ 1331, 1338(a), and principles of supplemental and pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

11. Defendant admits that alternatively Plaintiff alleges that jurisdiction over this matter is proper under 28 U.S.C. § 1332 but Defendant denies that the amount in controversy exceeds $75,000.

12. Defendant admits that Plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b)(2).

**STATEMENT OF FACTS**

13. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 13 of the Complaint.

14. Defendant denies for lack of sufficient knowledge or information the allegation in Paragraph 14 of the Complaint.

15. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 15 of the Complaint.

16. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 16 of the Complaint and Defendant specifically denies having had any involvement in the creation or distribution of the Political Video or having had any knowledge of the Political Video until after the Complaint was filed.

17. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 17 of the Complaint.

18. Defendant admits that he did not seek or receive a license from Plaintiff but denies that Defendant was required to do so and Defendant specifically denies having had any involvement in the creation or distribution of the Political Video or

2

_____
**ANSWER BY DEFENDANT JOHN MCCAIN**

having had any knowledge of the Political Video until after the Complaint was filed. Defendant denies for lack of sufficient knowledge or information the allegation in Paragraph 18 of the Complaint that Plaintiff has never allowed the Composition to be used in any commercial. Except as expressly admitted herein, Defendant denies each and every allegation of Paragraph 18 of the Complaint.

## FIRST CAUSE OF ACTION

### (Copyright Infringement – Unauthorized Performance of a Copyrighted Work in an Audiovisual Work 17 U.S.C. § 106(4) – Against All Defendants)

19. Defendant responds to the allegations realleged and incorporated by reference in paragraph 19 of the Complaint in the same manner as set forth hereinabove.

20. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 20 of the Complaint.

21. Defendant admits that he did not seek or receive a license from Plaintiff but denies that Defendant was required to do so and Defendant specifically denies having had any involvement in the creation or distribution of the Political Video or having had any knowledge of the Political Video until after the Complaint was filed. Defendant specifically denies that he has infringed any copyrights owned by Plaintiff.

22. Defendant denies each allegation in Paragraph 22 and specifically denies that Defendant has caused Plaintiff to suffer any damages.

23. Defendant denies each allegation in Paragraph 23, and specifically denies that Defendant has infringed any copyrights held by Plaintiff and specifically denies that Defendant has caused Plaintiff to suffer any damages.

24. Defendant denies each allegation in Paragraph 24, and specifically denies that Defendant has willfully infringed any copyrights held by Plaintiff.

3

## SECOND CAUSE OF ACTION

## (Vicarious Copyright Infringement – Unlawful Performance of Copyrighted Work in an Audiovisual Work 17 U.S.C. § 106(4) – Against the RNC and McCain)

25. Defendant responds to the allegations realleged and incorporated by reference in paragraph 25 of the Complaint in the same manner as set forth hereinabove.

26. Defendant denies each allegation in Paragraph 26.

27. Defendant denies each allegation in Paragraph 27.

28. Defendant denies each allegation in Paragraph 28.

29. Defendant denies each allegation in Paragraph 29, and Defendant specifically denies that Defendant has caused Plaintiff to suffer any damages.

30. Defendant denies each allegation in Paragraph 30, and Defendant specifically denies that Defendant has caused Plaintiff to suffer any damages.

31. Defendant denies each allegation in Paragraph 31, and Defendant specifically denies that Defendant has willfully infringed any copyrights held by Plaintiff.

## THIRD CAUSE OF ACTION

## (Federal Trademark Infringement – False Association or Endorsement – 15 U.S.C. § 1125(a))

32. Defendant responds to the allegations realleged and incorporated by reference in paragraph 32 of the Complaint in the same manner as set forth hereinabove.

33. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 33 of the Complaint.

34. Defendant denies each allegation in Paragraph 34.

35. Defendant denies each allegation in Paragraph 35.

36. Defendant denies each allegation in Paragraph 36, and Defendant specifically denies that Defendant has caused Plaintiff to suffer any damages.

37. Defendant denies each allegation in Paragraph 37, and Defendant specifically denies that Defendant caused Plaintiff to suffer any damages.

38. Defendant denies each allegation in Paragraph 38, and Defendant specifically denies that Defendant intentionally and/or willfully injured Plaintiff in any way.

## FOURTH CAUSE OF ACTION

### (Violation of California Common Law Right of Publicity)

39. Defendant has filed a Notice of Appeal regarding this Court's denial of Defendant's motion to strike the Fourth Cause of Action under California's Anti-SLAPP statute which automatically stays further proceedings by this Court on the merits of that cause of action. Accordingly, no response to Paragraphs 39 is required or would be appropriate.

40. Defendant has filed a Notice of Appeal regarding this Court's denial of Defendant's motion to strike the Fourth Cause of Action under California's Anti-SLAPP statute which automatically stays further proceedings by this Court on the merits of that cause of action. Accordingly, no response to Paragraphs 40 is required or would be appropriate.

41. Defendant has filed a Notice of Appeal regarding this Court's denial of Defendant's motion to strike the Fourth Cause of Action under California's Anti-SLAPP statute which automatically stays further proceedings by this Court on the merits of that cause of action. Accordingly, no response to Paragraphs 41 is required or would be appropriate.

42. Defendant has filed a Notice of Appeal regarding this Court's denial of Defendant's motion to strike the Fourth Cause of Action under California's Anti-SLAPP statute which automatically stays further proceedings by this Court on the

merits of that cause of action. Accordingly, no response to Paragraphs 39-42 is required or would be appropriate.

43. Defendant has filed a Notice of Appeal regarding this Court's denial of Defendant's motion to strike the Fourth Cause of Action under California's Anti-SLAPP statute which automatically stays further proceedings by this Court on the merits of that cause of action. Accordingly, no response to Paragraphs 43 is required or would be appropriate.

## **AFFIRMATIVE DEFENSES**

For his affirmative defenses to the Complaint, Defendant alleges as follows:

### **First Affirmative Defense**
### **(Failure to State a Claim)**

1. The Complaint fails to state facts sufficient to constitute a claim against Defendant.

### **Second Affirmative Defense**
### **(Fair Use/Equity)**

2. To the extent that there was any use of Plaintiff's copyrighted work, such use is a protected "fair use" and protected by the principles of equity.

### **Third Affirmative Defense**
### **(First Amendment)**

3. To the extent that there was any use of Plaintiff's identity and/or his copyrighted work, such use is a protected by the First Amendment of the United States Constitution and Article 1, Section 2 of the California Constitution.

### **Fourth Affirmative Defense**
### **(Transformative Use)**

4. To the extent that there was any use of Plaintiff's identity, the use was transformative and thus protected by the First Amendment of the United States Constitution and Article 1, Section 2 of the California Constitution.

**Fifth Affirmative Defense**

**(Public Interest)**

5. To the extent that there was any use of Plaintiff's identity, such a use is exempt from liability because it relates to a matter of public interest and concern.

**Sixth Affirmative Defense**

**(Lack of Actual Malice)**

6. To the extent that there was any use of Plaintiff's identity, Plaintiff cannot show by clear and convincing evidence that the use was made with knowledge of falsity or reckless disregard for the truth.

**Seventh Affirmative Defense**

**(Non-Infringement)**

7. Plaintiff's claims are barred because Defendant had no right nor ability to supervise the allegedly infringing acts, Defendant had no obvious and direct financial interest in the allegedly infringing acts, and Defendant otherwise took no steps to foster, promote, entice, or encourage infringement.

**Eighth Affirmative Defense**

**(Licensed Performances)**

8. Plaintiff's claims of copyright infringement pursuant to 17 U.S.C. § 106(4) are barred with respect to any public performance of the political video on television networks, as such performances occurred pursuant to licenses.

**Ninth Affirmative Defense**

**(Innocent Infringer – Lack of Willfulness)**

9. To the extent that Defendant infringed Plaintiff's copyright and/or trademark rights, which Defendant denies, such infringement was innocent and not willful.

### Tenth Affirmative Defense
### (Invalid Copyrights – Lack of Standing)

10. Plaintiff lacks valid copyrights in the work that he contends was infringed and/or Plaintiff lacks standing to assert rights to the work at issue.

### Eleventh Affirmative Defense
### (De Minimis Use)

11. To the extent that there was any use of Plaintiff's copyrighted work, such use was *de minimis* and therefore not subject to liability.

### Twelfth Affirmative Defense
### (No Jury On Equitable Issues)

12. Plaintiff is not entitled to a jury trial on any equitable issues.

### Thirteenth Affirmative Defense
### (Failure To Mitigate)

13. Plaintiff has failed to mitigate some or all of the damages he claims to have suffered.

### Fourteenth Affirmative Defense
### (No Likelihood of Confusion)

14. Consumers are not confused, nor are they likely to be confused, as to the source of the political video that is the subject of this lawsuit or that Plaintiff is sponsoring or endorsing the political video.

### Fifteenth Affirmative Defense
### (Lack of Secondary Meaning)

15. Plaintiff's federal Lanham Act claim is barred, in whole or in part, since neither Plaintiff's identity and persona nor the Composition has acquired secondary meaning and do not afford Plaintiff any enforceable trademark.

## Sixteenth Affirmative Defense
## (Not Entitled to Injunction)

16. Plaintiff is not entitled to injunctive relief because any injury is not irreparable, Plaintiff has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

## Seventeenth Affirmative Defense
## (Harm Caused by Others)

17. To the extent Plaintiff suffered any injury or harm, which Defendant denies, any such injury or harm was proximately caused by parties other than Defendant.

## Eighteenth Affirmative Defense
## (Artistic Relevance)

18. To the extent that there was any use of Plaintiff's identity, such use was artistically relevant and thus is a protected by the First Amendment of the United States Constitution and is otherwise immune from liability under the Lanham Act.

## Nineteeth Affirmative Defense
## (Misuse, Waiver and Estoppel)

19. Plaintiff's claims are barred by the doctrines of misuse, waiver and estoppel.

To the extent that further investigation and discovery reveals additional affirmative defenses to which Defendant is entitled, Defendant reserves the right to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed and Plaintiff take nothing herein;

2. That Defendant be awarded its costs and attorneys' fees incurred in defense of the action; and

3. For such other and further relief as the Court may deem just and proper.

Dated: March 10, 2009  LATHROP & GAGE LLP

By: _____
Lincoln D. Bandlow

Attorneys for Defendant
JOHN MCCAIN