KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
LAWRENCE Y. ISER (SBN 094611)
  liser@kwikalaw.com
JONATHAN STEINSAPIR (SBN 226281)
  jsteinsapir@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Jackson Browne

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON BROWNE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MCCAIN, an individual; THE REPUBLICAN NATIONAL COMMITTEE, a non-profit political organization; THE OHIO REPUBLICAN PARTY; a non-profit political organization<br><br>Defendants. | CASE NO. CV 08-05334 RGK (Ex)<br>The Hon. R. Gary Klausner, presiding<br><br>**JOINT REPORT RE EARLY MEETING OF COUNSEL**<br><br>[Fed. R. Civ. P. 26(f); Local Rule 26-1]<br><br>Sched. Conf.: April 20, 2009<br>Time: 9:00 a.m.<br>Room: 850 (Roybal) |

11166./44291.1

JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Jackson Browne ("Plaintiff") and Defendants John McCain (" McCain") and The Republican National Committee ("RNC") (collectively, "Defendants") submit this Joint Report. Plaintiff and Defendants are collectively referred to herein as the "Parties."

Counsel for the Parties conferred pursuant to the applicable rules on March 11, 2009. Plaintiff was represented by the law firm of Kinsella Weitzman Iser Kump & Aldisert LLP by Lawrence Iser and Gregory Gabriel. McCain was represented by the law firm of Lathrop & Gage, LLP by Lincoln Bandlow and the RNC was represented by the law firm of Klein, O'Neill and Singh LLP by Howard Klein and Sang Dang.

1. MATTERS TO BE ADDRESSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

   1.1 Proposed Schedule

The Parties set out a detailed, proposed schedule as Exhibit A attached hereto.

Subject to the Court's availability, the Parties agree that a <u>jury trial</u> should commence approximately 5 months after the mandate of the Court of Appeals issues in Defendants' pending appeals in the Ninth Circuit. The Parties agree on all dates set forth in Exhibit A.

   1.2 Fed. R. Civ. P. 26(f)(3)(A): Initial Disclosures

The Parties will exchange initial disclosures on or before April 13, 2009.

   1.3 Fed. R. Civ. P. 26(f)(3)(B): Scope of Discovery

The Parties do not believe that discovery should be conducted in phases. Furthermore, the Parties do not believe that discovery should be limited to or focused on particular issues.

The Parties anticipate that discovery will be needed on the issues framed by the pleadings, including, without limitation: the creation and distribution of the video that is the subject of this lawsuit, Plaintiff's licensing revenues from his

musical compositions, including but not limited to, *Running on Empty*, all matters pertaining to the trademark "likelihood of confusion" factors, all matters pertaining to the trademark "artistic relevance" test, all matters pertaining to the copyright "fair use" factors, all matters pertaining to the right of publicity "transformative use" test, and the alleged agency relationship between the Ohio Republican Party ("ORP"), McCain and the RNC.

Plaintiff intends to notice the deposition of McCain in order to obtain testimony regarding the subject matter of the declaration submitted by McCain in this case in support of his motion to strike pursuant to California's anti-SLAPP statute along with, among other things, his alleged involvement in the creation of the video that is the subject of this lawsuit, his alleged involvement with advertisements created to promote his campaign for President of the United States in 2008 and the alleged agency relationship amongst McCain, his campaign, the ORP and the RNC.

McCain's counsel has indicated that McCain should not have to appear for deposition absent a showing by Plaintiff that there are any facts that contradict McCain's sworn declaration that he had no involvement in the creation and/or distribution of the video that is the subject of this lawsuit and that he did not even have knowledge of the video until after this lawsuit was filed.

1.4     Fed. R. Civ. P. 26(f)(3)(C): Electronically Stored Information

The Parties do not anticipate any issues regarding the production of electronically stored information, but they will seek to resolve such issues in good faith as they may arise.

1.5     Fed. R. Civ. P. 26(f)(3)(D): Privilege, Work Product, and Protective Order

The Parties intend to file a joint protective order in order to maintain the confidentiality of sensitive information disclosed in discovery by the Parties.

1.6     Fed. R. Civ. P. 26(f)(3)(E): Changes to FRCP/Local Rule Limitations on Discovery

The Parties do not believe it is necessary to alter the limitations regarding discovery set forth in the Federal Rules of Civil Procedure or the Local Rules and do not believe any other limitations on discovery need be ordered, with the exception that McCain's counsel believes that Plaintiff must show good cause to conduct the deposition of McCain as set forth above.

1.7      Fed. R. Civ. P. 26(f)(3)(F): Other Orders

Separate from a stipulated Protective Order discussed above, the Parties do not believe that there are other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

2.    MATTERS TO BE ADDRESSED PURSUANT TO L. R. 26-1(a)-(f)

2.1      Local Rule 26-1(a): Complex Case

The Parties do not believe this is a complex case or that the Manual For Complex Litigation should be utilized.

2.2      Local Rule 26-1(b): Motion Schedule

Plaintiff anticipates filing a summary judgment motion and/or summary adjudication motion after the completion of discovery.

Defendants anticipate filing a Motion for Summary Judgment and/or Summary Adjudication within the prescribed schedule (attached as Exhibit A).

As set out in Exhibit A, the parties agree that dispositive motions shall be noticed for a hearing to occur no later than 37 days before trial.

The parties further agree that all Fed.R.Civ.P. 56 motions, whenever filed, shall be filed and personally served with a minimum of 42 days' notice; that the opposition will be filed and personally served 21 days thereafter; and that the reply will be filed and personally served 14 days thereafter.

2.3      Local Rule 26-1(c): Settlement and Settlement Mechanism

The Parties have engaged and are continuing to engage in settlement discussions, which have been unsuccessful to date. Pursuant to Central L.R. 16-15, the parties select settlement procedure No. 3 and will participate in a private

mediation.

    2.4        Local Rule 26-1(d): Trial Estimate.

The parties estimate a trial length of 7-10 days.

    2.5        Local Rule 26-1(e): Additional Parties

Plaintiff intends to add McCain's campaign entity, John McCain 2008, Inc. as an additional party.

    2.6        Local Rule 26-1(f): Expert Witnesses and Expert Discovery

The Parties propose that Federal Rule of Civil Procedure 26(a)(2) govern expert discovery in this matter and agree that expert discovery should proceed according to the schedule set forth in Exhibit A.

DATED: March 25, 2009

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Lawrence Y. Iser
Lawrence Y. Iser
Attorneys for Plaintiff Jackson Browne

Dated: March 24, 2009

LATHROP & GAGE LLP

By: _____
Lincoln D. Bandlow

Attorneys for Defendant John McCain

| | | |
|---|---|---|
| DATED: March 25, 2009 | | KLEIN O'NEILL & SINGH, LLP |

                                      By: /s/ Howard Klein
                                             Howard Klein
Attorneys for Defendant The Republican National Committee

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

11166./44291.1
JOINT RULE 26(F) REPORT

# EXHIBIT A: PROPOSED SCHEDULE

| Event | Proposed Date |
|---|---|
| Initial Expert Disclosures: | 120 days before trial |
| Rebuttal Expert Disclosures: | 90 days before trial |
| Discovery Cut-Off (Fact and Expert): | 65 days before trial |
| Meeting of Counsel Before Final Pre-Trial Conference | 40 days before final pre-trial conference |
| Dispositive Motions Hearing Cut-Off: | 30 days before the trial |
| Final Pre-trial Conference: | 7 days before trial |
| Jury Trial: | 5 months after the mandate of the Court of Appeals issues in Defendants' pending appeals in the Ninth Circuit. |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was filed electronically pursuant to Local Rule L.R. 5-3.3. Parties may access this filing through the Court's case management electronic filing system. Notice of this filing will be sent to all counsel of record by the Court's electronic filing system on March 25, 2009.

/s/Lawrence Y. Iser
_____
Lawrence Y. Iser

-/36131.1